## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH S. BEALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| -v- | ) | Case No.: <u>07 CV 6909</u> |
| | ) | |
| REVOLUTION PORTFOLIO, LLC and | ) | |
| SECURITY LIFE OF DENVER | ) | |
| INSURANCE COMPANY, d/b/a ING, | ) | |
| | ) | |
| Defendants | ) | |

### DEFENDANT, SECURITY LIFE OF DENVER INSURANCE COMPANY'S ANSWER AND SEPARATE DEFENSES TO PLAINTIFF'S COMPLAINT

**COMES NOW** Defendant, Security Life of Denver Insurance Company ("Security Life"), by and through counsel of record, as and for its answer and separate defenses to Plaintiff's Complaint, states as follows:

### GENERAL DENIAL

Defendant denies each and every allegation, matter and thing contained in Plaintiff's Amended Complaint which is not expressly admitted, qualified, or answered herein.

### NATURE OF ACTION

1.      This action arises out of an amendment to a settlement agreement between Beale and Revolution. In that amendment, Revolution required that Beale make certain payments and transfer to Revolution an insurance policy on Beale's life -- issued by ING -- in exchange for releases in favor of Beale. However, Revolution insisted on strict deadlines in the amendment and then intentionally interfered with Beale's compliance with those deadlines, causing delays. Based on these delays -- all of which were of its own doing -- Revolution has falsely claimed that Beale has breached the amendment and, consequently, it has failed and refused to perform thereunder. In doing so, Revolution has wrongfully retained all of the benefits that Beale provided to it pursuant to the amendment -- including the ING life insurance policy -- while simultaneously pursuing at least one action against Beale that it was supposed to have released.

**ANSWER:**    Defendant, Security Life admits only that it issued a life insurance policy covering the life of Joseph S. Beale. Defendant denies that this policy was issued by ING. Further answering, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 1 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

2.    Beale brings this action for, among other things:  (a) specific performance of the settlement agreement as amended; and (b) an injunction against Revolution to prevent it from proceeding with lawsuits on the claims it was required to release; or, in the alternative (c) rescission of the amendment to the settlement agreement due to Revolution's substantial non-performance thereof and the imposition of a constructive trust against Revolution, compelling it to disgorge the benefits that it received pursuant to the amendment to the settlement agreement.

**ANSWER:**    Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

## PARTIES, JURISDICTION AND VENUE

3.    Beale is an individual who consents to the personal jurisdiction of Illinois for purposes of this dispute.

**ANSWER:**    Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

4.    Revolution is a Virginia limited liability company. This Court has personal jurisdiction over Revolution because it expressly consented to the jurisdiction of Illinois state courts in the settlement agreement out of which this action arises. Additionally, this Court has personal jurisdiction over Revolution under 735 ILCS 5/2-209(a)(1) because Revolution has transacted business within the State of Illinois out of which this action arises, and under 735 ILCS 5/2-209(a)(7) because Revolution made a contract in this State out of which this lawsuit arises.

**ANSWER:**    Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

5.    ING is a Colorado corporation doing business as ING. This Court has personal jurisdiction over ING under 735 ILCS 5/2-209(a)(1) because ING has transacted business within the State of Illinois out of which this lawsuit arises, and under 735 ILCS 5/2-209(a)(4) because ING contracted to insure a person located within Illinois at the time of contracting.

**ANSWER:**    Defendant, Security Life admits only that it is an insurance company incorporated and existing under the laws of the State of Colorado, and that it is subject to personal jurisdiction in this Court. Further answering, Security Life denies the remainder of the allegations contained in paragraph 5 of Plaintiff's complaint.

6.    Venue is proper in the Circuit Court of Cook County pursuant to 735 ILCS 5/2-101 because, among other things: (a) Defendants in this action are all nonresidents of the State of Illinois and, thus, venue is proper in any county; and (b) because the transactions out of which the causes of action alleged herein arose occurred in Cook County, Illinois.

**ANSWER:**    Defendant, Security Life admits only that venue is proper in this Court. Further answering, Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 6 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

## GENERAL ALLEGATIONS

7.    Revolution is in the business of, among other things, purchasing judgments from litigants at a discount and attempting to collect on the judgments that it purchases. In this capacity, Revolution purchased a judgment that had been rendered against Beale (the "Judgment").

**ANSWER:**    Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

8.    After it purchased the Judgment, on or about March 5, 2004, Revolution initiated involuntary Chapter 7 bankruptcy proceedings against Beale (the `Bankruptcy Proceedings").

**ANSWER:**    Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

9.    In connection with these Bankruptcy Proceedings, the bankruptcy trustee instituted certain adversary proceedings against Beale and certain third-parties (the "Adversary Proceedings").

**ANSWER:**    Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

10.    Beale, the bankruptcy trustee and the third parties desired to settle the Adversary Proceedings and, to that end, entered into a settlement agreement on or about November 15, 2005 (the "Bankruptcy Settlement Agreement").

**ANSWER:**    Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

11.    Beale then entered into a separate settlement agreement with Revolution on or about December 12, 2005 (the "Revolution Settlement Agreement"), a copy of which is attached hereto as Exhibit A.  Pursuant to the Revolution Settlement Agreement, Revolution agreed, among other things:  (a) to release claims that it had against Beale; and (b) not to object to the Bankruptcy Settlement Agreement.  In exchange, Beale agreed, among other things, to make a payment to

Revolution in the amount of $350,000 and to attempt to secure a $1.25 million life insurance policy on his own life (the "Policy") and transfer ownership thereof to Revolution.

**ANSWER:**   Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

12.     Because Beale and Revolution did not know when -- or even if -- a life insurance policy would be issued on Beale's life, the Revolution Settlement Agreement provided that Beale would "use all best efforts to obtain the Policy and [would] cooperate with REVOLUTION in obtaining the Policy." (Ex. A, ¶2(b)(ii).) Additionally, Beale was required to make certain payments to Revolution, which were to be applied toward the premiums on the Policy once it was issued. (Id.) If Beale could not qualify for a life insurance policy, then his obligations with respect to the Policy would be deemed satisfied by his payment of the amounts that would otherwise have been applied to the Policy premiums. (Id.) In other words, if Beale could not qualify for a life insurance policy, that would not undo the Revolution Settlement Agreement.

**ANSWER:**   Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

13.     Beale paid Revolution the $350,000 payment required by the Revolution Settlement Agreement.

**ANSWER:**   Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

14.     Although Beale used his best efforts to obtain the Policy, due to certain health concerns, he was unable to immediately qualify for a life insurance policy. However, once those concerns were resolved, Beale did qualify for a life insurance policy issued by ING.

**ANSWER:**    Defendant, Security Life admits only that it issued a life insurance policy covering the life of Joseph S Beale. Defendant denies that this policy was issued by ING. Further answering, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 14 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

15.    Accordingly, on or about June 6, 2007, Beale informed Revolution that he had qualified for the Policy as specified in the Revolution Settlement Agreement.

**ANSWER:**    Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

16.    Despite the fact that there was no specific deadline for issuance of the Policy in the Revolution Settlement Agreement -- indeed, the agreement contemplated the possibility that the Policy would never be issued -- Revolution argued that Beale had defaulted by not securing the Policy soon enough. Revolution used this argument to extract further concessions from Beale.

**ANSWER:**    Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

17.    In particular, Revolution refused to comply with the Revolution Settlement Agreement unless Beale would agree to, among other things: (a) make additional payments to Revolution; (b) sign a promissory note in favor of Revolution; and (c) amend the Revolution Settlement Agreement.

**ANSWER:**    Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

18.    Thus, in order to appease Revolution, Beale agreed to enter into an amendment to the Revolution Settlement Agreement. However, in drafts of the amendment, Revolution insisted on an onerous set of deadlines. For example, Revolution demanded that the Policy be issued, that it be transferred to Revolution, and that ING issue an acknowledgment demonstrating that the Policy had been issued and transferred to Revolution (the "Acknowledgment") -- all in less than one week after the amendment was to be signed.

**ANSWER:**    Defendant, Security Life lacks sufficient knowledge or information upon

which to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of

Plaintiff's Complaint, and therefore, can neither admit nor deny same.


19.    In an attempt to meet these anticipated obligations, Beale worked with ING and insurance agents to make sure that the Policy would be issued and transferred to Revolution upon payment of the required premium while, at the same time, the amendment to the Revolution Settlement Agreement was still being negotiated.

**ANSWER:**    Defendant, Security Life admits only that it issued a life insurance policy

covering the life of Joseph S. Beale. Defendant denies that this policy was issued by ING. Further

answering, Defendant lacks sufficient knowledge or information upon which to form a belief as to

the truth or falsity of the remainder of the allegations contained in paragraph 19 of Plaintiff's

Complaint, and therefore, can neither admit nor deny same.


20.    By June 25, 2007, the amendment to the Revolution Settlement Agreement was substantially completed -- but not yet signed. Nevertheless, by that date, Beale had made all arrangements necessary with respect to the Policy so that it could be issued and transferred to Revolution upon the payment of the initial premium. Additionally, Beale made arrangements with ING to expedite the issuance and delivery of the Acknowledgment to Revolution.

**ANSWER:**    Defendant, Security Life admits only that it issued a life insurance policy

covering the life of Joseph S. Beale. Defendant denies that this policy was issued by ING. Further

answering, Defendant lacks sufficient knowledge or information upon which to form a belief as to

the truth or falsity of the remainder of the allegations contained in paragraph 20 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

21.     Due to the very tight deadlines, on June 26, 2007 -- even before the amendment was signed -- Beale sent an e-mail directly to Revolution's outside counsel, Jeffrey Ganz ("Ganz"), inquiring about the procedures the parties could use to ensure that ING would issue the Acknowledgment to Revolution on time.  On the same date, Revolution's counsel Ganz responded in an e-mail to Beale's counsel, Scott Clar ("Clar"), in which Ganz refused to answer Beale's questions.  Nevertheless, Beale persisted in his efforts to make arrangements with Revolution and Ganz, both directly and through Clar, to expedite the issuance of the Policy and delivery of the Acknowledgment

**ANSWER:**     Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

22.     On June 27, 2007, Beale executed the First Amendment to the Revolution Settlement Agreement (the "Amendment"), which was sent to Ganz for Revolution's execution.  A copy of the Amendment is attached hereto as Exhibit B.  Additionally, Beale executed other documents to cause the Policy to be transferred to Revolution upon the payment of the initial premium, and he further delivered certain signed documents to Revolution to allow it to re-sell the Policy including, among other things, HIPAA-complaint medical release forms and a Durable Power of Attorney (collectively, the "Re-Sale Authorizations"), all of which were required under the Amendment -- but not under the original Revolution Settlement Agreement.

**ANSWER:**     Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

23.     Under the Amendment, on or before June 29, 2007, Beale also was to make two cash payments to Revolution (by wire transfer) in the total amount of $67,500.  Upon receipt of these payments, Revolution was required to sign and deliver a release of lien concerning certain real estate located in Florida (the "Florida Property"), to be held in escrow (the "Florida Release"), and to promptly notify Beale that it had done so.  On or before July 2, 2007, Beale was further required to make an additional payment to Revolution of $115,500.

**ANSWER:**    Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

24.    Beale preferred to make this $115,500 payment from proceeds of a loan that he intended to make by using the Florida Property as collateral.  Beale advised Revolution that it was his preference to do so, and that it was essential that the Florida Release be delivered to the title company processing Beale's loan so that the loan would be funded in time for Beale to make the $115,500 payment to Revolution by July 2, 2007.  Beale further advised Revolution that he could not obtain a loan on the Florida Property without securing the Florida Release.

**ANSWER:**    Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

25.    Pursuant to the Amendment, the Acknowledgment also was due to Revolution on or before July 2, 2007.  Before wiring the first payments totaling $67,500, at about noon on June 27, 2007, Beale sent an e-mail to Ganz (copying Clar) asking about a way that the parties could expedite the payment to ING of the initial premium for the Policy which, in turn, would expedite the delivery of the Acknowledgment to Revolution.  Specifically, Beale wrote:

> Here's a thought for the two of you to consider.  If I were to wire the funds directly to ING for the first year's premium, it will expedite the process.  Assuming it's around $40,000, I could then wire the remaining $27,500 to Jeff Ganz.  The Policy will then be in full force and the documents re: the transfer of ownership in place.  I'm still focused on a close by Friday.  Let me know and if you agree, and if so, we can work out the wire to ING.  Joe

A copy of this June 27, 2007 e-mail is attached hereto as Exhibit C.

**ANSWER:**    Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

26.    Later that day, Beale sent another e-mail to Revolution's counsel asking: "Any response to my memo about paying the ING payment?" A copy of this later June 27, 2007 e-mail is attached hereto as Exhibit D.

**ANSWER:**    Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

27.    Hours later, Ganz, on behalf of Revolution, told Beale and Clar that Revolution could not agree or disagree with Beale's proposal to wire the initial premium payment directly to ING. Beale then told Ganz that he would wire the entire $67,500 payment directly to Revolution, and he did so. Revolution received and accepted the $67,500 from Beale on June 28, 2007.

**ANSWER:**    Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

28.    Further, on June 27, 2007, Beale told Ganz that he had learned from Revolution's own insurance agent, Stuart Youngentaub, that if Revolution sent the initial premium payment for the Policy to ING on June 28, 2007 -- i.e., the date that Revolution received the $67,500 from Beale -- then the Acknowledgment would be issued by ING on the following day, June 29, 2007 -- i.e., the Friday before the deadline of Monday, July 2, 2007.

**ANSWER:**    Defendant, Security Life admits only that it issued a life insurance policy covering the life of Joseph S. Beale. Defendant denies that this policy was issued by ING. Further answering, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 28 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

29.    Despite its receipt of the signed documents and money from Beale on June 28th, Revolution waited until June 29, 2007 to execute the Amendment.

**ANSWER:**   Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

30.   Even worse, after signing the Amendment on June 29, 2007, Revolution delayed making the initial premium payment on the Policy to ING until July 2, 2007 -- the very same day that the Acknowledgment was due -- thereby ensuring that the Acknowledgment would not be issued on time. Thus, Revolution waited four days from its receipt of funds from Beale before it paid ING the initial premium.

**ANSWER:**   Defendant, Security Life admits only that it issued a life insurance policy covering the life of Joseph S. Beale. Defendant denies that this policy was issued by ING. Further answering, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 30 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

31.   As a result of Revolution's own delay in paying the initial Policy premium, the Acknowledgment was not issued on July 2, 2007. Rather, it was issued one day late -- on July 3, 2007. A copy of the Acknowledgment is attached hereto as Exhibit E.

**ANSWER:**   Defendant, Security Life admits only that it issued a life insurance policy covering the life of Joseph S. Beale. Defendant denies that this policy was issued by ING. Further answering, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 31 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

32.   Additionally, despite receiving the $67,500 from Beale, Revolution failed to: (a) deliver the fully executed Florida Release; and (b) promptly notify Beale's counsel that it had done so, as expressly required under the Amendment. These failures were material breaches of the Amendment.

**ANSWER:**    Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

33.    If Revolution had not breached these material obligations, either: (a) Beale's loan on the Florida Property would have closed and Beale would have timely paid the additional $115,500 from the proceeds of that loan; or (b) Beale would have been on notice that the Florida Release was insufficient to cause the loan on the Florida Property to close and that he needed to make the additional $115,500 payment from another source, which he would have done.  Either way, the $115,500 payment would have been made.

**ANSWER:**    Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

34.    By engaging in the aforementioned tactics and breaches, Revolution materially breached the covenant of good faith and fair dealing implied in the Amendment, and interfered with, delayed and/or excused Beale's further performance under the Amendment.

**ANSWER:**    Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

35.    Moreover, Revolution used the aforementioned tactics and delays to issue a bogus notice of default to Beale.  Specifically, Revolution improperly claimed that Beale breached the Amendment because: (a) the Acknowledgment was late; and (b) the $115,500 payment was late -- both of which were directly caused by Revolution.  Based on these purported defaults, Revolution has failed and refused to perform under the Revolution Settlement Agreement and Amendment and, therefore, it has materially breached the same.

**ANSWER:**     Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

36.     Among other things, Revolution failed to:  (a) deliver the Florida Release; (b) promptly give Beale notice that it delivered the Florida Release; (c) issue or deliver the general release also required by the Amendment and the Revolution Settlement Agreement (the "General Release"); and (d) honor the covenant not to sue contained in the Revolution Settlement Agreement and Amendment (the "Covenant Not To Sue").  Indeed, on or about July 9, 2007, Revolution instituted proceedings in Florida to execute on its lien against the Florida Property in a case captioned Revolution v. J. Beale. et al. Case No. 502007 CA 013090, pending in the Circuit Court for Palm Beach County, Florida (the "Florida Execution Proceedings").

**ANSWER:**     Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

37.     Revolution has wrongfully retained the benefits of the Revolution Settlement Agreement and the Amendment.  Specifically, despite Beale's demand that Revolution return the benefits, Revolution has retained the Policy, the Re-Sale Authorizations, the $67,500 that Beale paid pursuant to the Amendment and all prior payments made by Beale to Revolution pursuant to the Revolution Settlement Agreement -- including the initial $350,000 payment. Moreover, Revolution is proceeding with the Florida Execution Proceedings in direct breach of its releases and covenant not to sue, despite its retention of all of the other benefits it received from Beale.

**ANSWER:**     Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

38.     Due to Revolution's breach of the Revolution Settlement Agreement and Amendment, Beale contacted ING directly to revoke his transfer of the Policy to Revolution, and to request that the Policy be transferred back to Beale. Ganz, on behalf of Revolution, likewise contacted ING, and directed it not to honor Beale's request.

**ANSWER:**   Defendant, Security Life admits only that it was contacted by representatives of Plaintiff and Defendant, Revolution, and that as a result of the conflicting opinions of the parties concerning the change in ownership, it placed a hold on the policy.  Further answering Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth o falsity of the remainder of the allegations in paragraph 38 and, therefore, can neither admit nor deny same.

    39.      On July 18, 2007, ING responded to Beale and Ganz by letter, stating:

> As a result of the conflicting opinion of the parties involved concerning the change in ownership, the Company has placed a "hold" on the policy.  No transactions will be permitted on the policy, other than premium payments, until this situation has been resolved.

A true and correct copy of the July 18, 2007 letter is attached hereto as Exhibit F.

    **ANSWER:**   Defendant, Security Life admits only that Exhibit F is a true and correct copy of a letter that it sent on July 18, 2007, and that said letter contains the referenced text.  Further answering Defendant, Security Life states that said letter speaks for itself.

    40.      Due to ING's "hold" on the Policy, Beale has been unable to re-obtain possession of the Policy.

    **ANSWER:**   Defendant, Security Life admits only that it placed a hold on the policy. Further answering, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 40 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

41.    Notwithstanding all of the foregoing, Beale has repeatedly offered to simultaneously exchange all of the parties' remaining deliverables under the Amendment through the use of a mutually acceptable escrow agent, which is what equity requires.  Revolution has refused.

**ANSWER:**    Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

42.    Nevertheless, Beale stands ready, willing and able to fully perform his remaining obligations under the Revolution Settlement Agreement and Amendment.

**ANSWER:**    Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

## COUNT I

### Specific Performance of the Amendment
### (Against Revolution)

43.    Beale incorporates by reference paragraphs 1 through 42 above as though fully set forth herein.

**ANSWER:**    Defendant, Security Life's responses to paragraphs 1 through 42, inclusive, are incorporated herein by reference as if fully set forth herein

44.    The Revolution Settlement Agreement and Amendment are valid, binding and enforceable contracts.

**ANSWER:**    Count I, paragraphs 44 through 49, are not directed to Defendant, Security Life; thus, no response is required.  To the extent that a response is deemed required, Defendant

lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

45.    Beale has fully complied with the material terms of the Revolution Settlement Agreement and Amendment, or his performance thereof has been excused or waived due to Revolution's actions and/or by operation of law.

**ANSWER:**    Count I, paragraphs 44 through 49, are not directed to Defendant, Security Life; thus, no response is required.  To the extent that a response is deemed required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

46.    Beale stands ready, willing and able to perform any and all remaining obligations thereunder.

**ANSWER:**    Count I, paragraphs 44 through 49, are not directed to Defendant, Security Life; thus, no response is required.  To the extent that a response is deemed required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

47.    Revolution has materially breached the Amendment to the Revolution Settlement Agreement, and presently refuses to perform thereunder.

**ANSWER:**    Count I, paragraphs 44 through 49, are not directed to Defendant, Security Life; thus, no response is required.  To the extent that a response is deemed required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

48.    Beale has no adequate remedy at law.

**ANSWER:**    Count I, paragraphs 44 through 49, are not directed to Defendant, Security Life; thus, no response is required.  To the extent that a response is deemed required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

49.    Accordingly, the Court should order Revolution to specifically perform all of its obligations under the Amendment, including, without limitation, delivering to Beale the Florida Release and the General Release.

**ANSWER:**    Count I, paragraphs 44 through 49, are not directed to Defendant, Security Life; thus, no response is required.  To the extent that a response is deemed required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

## COUNT II

### Injunction
### (Against Revolution)

50.    Beale incorporates by reference paragraphs 1 through 42 above as though fully set forth herein.

**ANSWER:**    Defendant, Security Life's responses to paragraphs 1 through 42, inclusive, are incorporated herein by reference as if fully set forth herein

51.    Pursuant to the Revolution Settlement Agreement and its Amendment, among other things, Revolution is required to sign and deliver the Florida Release, discharge its lien on the Florida Property, and it is prohibited from suing thereon.

**ANSWER:**    Count II, paragraphs 51 through 54, are not directed to Defendant, Security Life; thus, no response is required.  To the extent that a response is deemed required, Defendant

lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

52.    Revolution's institution and ongoing pursuit of the Florida Execution Proceedings is in direct violation of the terms of the Settlement Agreement, including but not limited to Sections 2 through 4 thereof.

**ANSWER:**    Count II, paragraphs 51 through 54, are not directed to Defendant, Security Life; thus, no response is required. To the extent that a response is deemed required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

53.    Beale has no adequate remedy at law with respect to Revolution's breaches set forth herein.

**ANSWER:**    Count II, paragraphs 51 through 54, are not directed to Defendant, Security Life; thus, no response is required. To the extent that a response is deemed required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

54.    Beale will be irreparably harmed if the relief requested herein is not granted.

**ANSWER:**    Count II, paragraphs 51 through 54, are not directed to Defendant, Security Life; thus, no response is required. To the extent that a response is deemed required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

-18-

## COUNT III

### Rescission of Amendment to Settlement Agreement
### (Pleaded in the Alternative Against Revolution)

55.     Beale incorporates by reference paragraphs 1 through 42 above as though fully set forth herein.

**ANSWER:**    Defendant, Security Life's responses to paragraphs 1 through 42, inclusive, are incorporated herein by reference as if fully set forth herein    .

56.     This Count is pleaded in the alternative to Counts I and II and applies in the event that the Court does not grant the relief sought therein.

**ANSWER:**    Count III, paragraphs 56 through 59, are not directed to Defendant, Security Life; thus, no response is required.  To the extent that a response is deemed required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

57.     By reason of the foregoing, there has been substantial breach and substantial nonpeformance by Revolution of the Amendment.

**ANSWER:**    Count III, paragraphs 56 through 59, are not directed to Defendant, Security Life; thus, no response is required.  To the extent that a response is deemed required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

58.     Revolution and Beale may be returned to the *status quo ante* by ordering Revolution to:  (a) return the Re-Sale Authorizations to Beale; and (b) return to Beale all money and other benefits that Revolution received from Beale pursuant to the Amendment.

**ANSWER:**    Count III, paragraphs 56 through 59, are not directed to Defendant, Security Life; thus, no response is required.  To the extent that a response is deemed required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

59.    Accordingly, the Court should enter an Order rescinding the Amendment and returning the parties to the *status quo ante* -- i.e., place the parties back in the positions that they were in pursuant to the original Revolution Settlement Agreement.

**ANSWER:**    Count III, paragraphs 56 through 59, are not directed to Defendant, Security Life; thus, no response is required.  To the extent that a response is deemed required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

## COUNT IV

### Unjust Enrichment/Constructive Trust
### (Pleaded in the Alternative Against Revolution)

60.    Beale incorporates by reference paragraphs 1 through 42 above as though fully set forth herein.

**ANSWER:**    Defendant, Security Life's responses to paragraphs 1 through 42, inclusive, are incorporated herein by reference as if fully set forth herein.

61.    This Count is pleaded in the alternative to Counts I and II and applies in the event that the Court does not grant the relief sought therein.

**ANSWER:**    Count IV, paragraphs 61 through 65, are not directed to Defendant, Security Life; thus, no response is required.  To the extent that a response is deemed required, Defendant

-20-

lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

62.    By reason of the foregoing, the Amendment to the Revolution Settlement Agreement should be rescinded.  Nevertheless, Revolution refuses to return to Beale the Re-Sale Authorizations, the money and the other benefits that it received from Beale pursuant to the Amendment.

**ANSWER:**    Count IV, paragraphs 61 through 65, are not directed to Defendant, Security Life; thus, no response is required.  To the extent that a response is deemed required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

63.    Accordingly, Revolution is wrongfully in possession of the Re-Sale Authorizations and the money and other benefits tendered by Beale to Revolution pursuant to the Amendment.

**ANSWER:**    Count IV, paragraphs 61 through 65, are not directed to Defendant, Security Life; thus, no response is required.  To the extent that a response is deemed required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

64.    Under the circumstances, it would be unjust to allow Revolution to retain Re-Sale Authorizations and the money and other benefits tendered by Beale to Revolution pursuant to the Amendment.

**ANSWER:**    Count IV, paragraphs 61 through 65, are not directed to Defendant, Security Life; thus, no response is required.  To the extent that a response is deemed required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

65.     Accordingly, this Court should enter an order: (a) imposing a constructive trust on the Re-Sale Authorizations and the money and other benefits tendered by Beale to Revolution pursuant to the Amendment, naming Revolution the trustee and Beale the beneficiary thereof; and (b) compelling Revolution to turn over to Beale *instanter* the Re-Sale Authorizations and the money and any and all other benefits tendered by Beale to Revolution pursuant to the Amendment.

**ANSWER:**     Count IV, paragraph 61 through 65, are not directed to Defendant, Security Life; thus, no response is required.  To the extent that a response is deemed required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

## COUNT V

### Rescission of Settlement Agreement and Amendment
### (Pleaded in the Alternative Against Revolution)

66.     Beale incorporates by reference paragraphs 1 through 42 above as though fully set forth herein.

**ANSWER:**     Defendant, Security Life's responses to paragraphs 1 through 42, inclusive, are incorporated herein by reference as if fully set forth herein.

67.     This Count is pleaded in the alternative to Counts I through IV and applies in the event that the Court does not grant the relief sought therein.

**ANSWER:**     Count V, paragraphs 67 through 71, are not directed to Defendant, Security Life; thus, no response is required.  To the extent that a response is deemed required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

68.     By reason of the foregoing, there has been a substantial breach and substantial nonperformance by Revolution of the Settlement Agreement and its Amendment.

**ANSWER:**    Count V, paragraphs 67 through 71, are not directed to Defendant, Security Life; thus, no response is required.  To the extent that a response is deemed required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

69.    Beale has no adequate remedy at law.

**ANSWER:**    Count V, paragraphs 67 through 71, are not directed to Defendant, Security Life; thus, no response is required.  To the extent that a response is deemed required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

70.    Revolution and Beale may be returned to the *status quo ante* by ordering Revolution to return to Beale:  (a) ownership of the Policy; (b) all payments it received from Beale; (c) all ReSale Authorizations; and (d) any and all other benefits that Revolution received from Beale pursuant to the Settlement Agreement and Amendment.

**ANSWER:**    Count V, paragraphs 67 through 71, are not directed to Defendant, Security Life; thus, no response is required. To the extent that a response is deemed required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

71.    Accordingly, the Court should enter an Order rescinding the Amendment and returning the parties to the *status quo ante* -- i.e., place the parties back in the positions that they were in before the original Revolution Settlement Agreement.

**ANSWER:**    Count V, paragraphs 67 through 71, are not directed to Defendant, Security Life; thus, no response is required.  To the extent that a response is deemed required, Defendant

lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

## COUNT VI

### Declaratory Judgment
### (Pleading in the Alternative Against Revolution and ING)

72.     Beale incorporates by reference paragraphs 1 through 42 above as though fully set forth herein.

**ANSWER:**    Defendant, Security Life's responses to paragraphs 1 through 42, inclusive, are incorporated herein by reference as if fully set forth herein.

73.     This Count is pleaded in the alternative to Counts I through IV and applies in the event that the Court does not grant the relief sought therein.

**ANSWER:**    Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 73 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

74.     This Count is brought pursuant to 735 ILCS 5/2-701.

**ANSWER:**    Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 74 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

75.     Beale has no adequate remedy at law with respect to the matters set forth herein.

**ANSWER:**    Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 75 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

76.    There is an actual controversy among Beale, Revolution and ING as to Beale's and Revolution's rights with respect to ownership of the Policy, and ING's obligations to Beale and/or Revolution with respect to ownership of the Policy. Resolution of this controversy by means of the declaration requested herein will terminate the controversy or some part thereof.

**ANSWER:**    Defendant, Security Life admits only that it placed a hold on the policy. Further answering, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 76 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

77.    By reason of the foregoing, this Court should declare that Beale is entitled to ownership of the Policy and Revolution is not.

**ANSWER:**    Defendant, Security Life lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 77 of Plaintiff's Complaint, and therefore, can neither admit nor deny same.

## COUNT VII

### Breach of Contract
### (Pleaded in the Alternative Against Revolution)

78.    Beale incorporates by reference paragraphs 1 through 42 above as though fully set forth herein.

**ANSWER:**    Defendant, Security Life's responses to paragraphs 1 through 42, inclusive, are incorporated herein by reference as if fully set forth herein.

79.    This Count is pleaded in the alternative to all prior Counts seeking equitable relief and applies solely in the event that the Court determines that Beale does have an adequate legal remedy for the injuries alleged above.

**ANSWER:**    Count VII, paragraphs 79 through 81, are not directed to Defendant, Security Life; thus, no response is required.  To the extent that a response is deemed required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

80.    Beale has fully performed all obligations required to be performed by him pursuant to the Amendment to Revolution Settlement Agreement, or his performance thereof has been excused or waived due to Revolution's actions and/or by operation of law.

**ANSWER:**    Count VII, paragraphs 79 through 81, are not directed to Defendant, Security Life; thus, no response is required.  To the extent that a response is deemed required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

81.    By reason of the foregoing, Revolution has materially breached the Amendment to the Revolution Settlement Agreement, and Beale has been injured and suffered damages thereby.

**ANSWER:**    Count VII, paragraphs 79 through 81, are not directed to Defendant, Security Life; thus, no response is required.  To the extent that a response is deemed required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

**WHEREFORE,** Defendant, Security Life states that it will abide by this Court's rulings as to ownership of the policy and requests entry of judgment as follows:

A.    Dismissing Defendant, Security Life with prejudice;

B.     Awarding Defendant, Security Life its reasonable costs and attorneys' fees incurred in defending this lawsuit; and

C.     For such other and further relief as this Court deems to be just and equitable under the circumstances.

### Defendant's Separate Defenses

Defendant, Security Life hereby alleges the following Separate Defenses.  By alleging these defenses, Defendant makes no admission of any kind and does not assume any burdens of proof or production not otherwise properly resting upon it in this action.  Rather, Defendant identifies these defenses herein to preserve them for all proper purposes under applicable law.  Defendant reserves the right to supplement, amend, modify, add, or delete defenses as this action proceeds.

### First Separate Defense

Plaintiff's Complaint fails to state a claim or cause of action upon which relief can be granted against Defendant.  Security Life issued a life insurance policy covering the life of Joseph S. Beale and has no interest in the outcome of this litigation.  Security Life will abide by this Court's rulings as to ownership of the policy.  Accordingly, this Court should dismiss Security Life on the grounds that Plaintiff's Complaint fails to state a claim or cause of action upon which relief can be granted against Security Life.

**WHEREFORE,** Security Life of Denver Insurance Company requests that this Honorable Court dismiss it from this action.

Dated this 14th day of December, 2007     **DEFENDANT, SECURITY LIFE OF
DENVER INSURANCE COMPANY**

By: /s/ *Thomas B. Keegan*
    One of Its Attorneys

Thomas B. Keegan
Edward W. Gleason
KEEGAN, LATERZA,
LOFGREN & GLEASON, L.L.C.
566 West Adams Street, Suite 750
Chicago, IL 60661
Tel: 312-655-0200
Fax: 312-655-0202

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a true and accurate copy of the foregoing, **Defendant, Security Life of Denver Insurance Company's Answer and Separate Defenses to Plaintiff's Complaint,** to be filed electronically using the Electronic Filing System of the United States District Court for the Northern District of Illinois, Eastern Division, this 14th day of December, 2007.  Notice of this filing was sent to all counsel who are currently on the Court's Electronic Mail Notice List by operation of the Court's Electronic Filing System (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this 14th day of December, 2007.

/s/ *Thomas B. Keegan*