UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH S. BEALE, ) | |
| ) | Case No. 07 CV 6909 |
| Plaintiff, ) | |
| ) | Judge Kocoras |
| v. ) | |
| ) | Magistrate Judge Valdez |
| REVOLUTION PORTFOLIO, LLC, and ) | |
| SECURITY LIFE OF DENVER ) | |
| INSURANCE COMPANY d/b/a/ ING, ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| REVOLUTION PORTFOLIO, LLC, ) | |
| ) | |
| Counter-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JOSEPH S. BEALE, ) | |
| ) | |
| Counter-Defendant | |

**COUNTER-DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO REVOLUTION PORTFOLIO, LLC'S COUNTERCLAIM**

Plaintiff Joseph S. Beale ("Beale"), by and through his attorneys, Novack and Macey, LLP, as and for his Answer and Affirmative Defenses to Defendant Revolution Portfolio, LLC's ("Revolution's") Counterclaim, states as follows:

**PARTIES AND JURISDICTION**

1.  The Plaintiff in this Counterclaim, REVOLUTION, is a Virginia limited liability company with its principal place of business in Maryland.

**ANSWER:**   Beale admits that Revolution is a Virginia limited liability company. Beale is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and, therefore, denies the same.

2. The Defendant in this Counterclaim, Joseph S. Beale, [is] an individual with a principal residence in Illinois and/or Hawaii.

**ANSWER:**   Admitted.

3. This Court has jurisdiction over the Counterclaim pursuant to 28 U.S.C. Sec. 1332(a) because REVOLUTION seeks to recover in excess of $6 million from Beale and because REVOLUTION and Beale are citizens of different states.

**ANSWER:**   Beale admits that he and Revolution are citizens of different states, that Revolution purports to claim damages in excess of $75,000 and, therefore, that the Court has jurisdiction over this dispute. Beale denies the remaining allegations of this Paragraph.

## FACTS COMMON TO ALL COUNTS

4. REVOLUTION is the holder of a certain judgment entered in favor of the Federal Deposit Insurance Corporation as Receiver of New Bank of New England, N.A. (the "FDIC") against Beale February 14, 1992 in Case No. CL 90-877-AD in the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County, Florida (the "Judgment").

**ANSWER:**   Beale is without knowledge of information sufficient to form a belief as to the truth of the allegations of this Paragraph and, therefore, denies the same.

5. Following the assignment to REVOLUTION, the Judgment went unsatisfied and the total amount due under the Judgment currently exceeds $6 million, after applying all payments received from Beale or any other source.

**ANSWER:**   Beale is without knowledge of information sufficient to form a belief as to the truth of the allegations of this Paragraph and, therefore, denies the same.

6.     On or about March 5, 2004, REVOLUTION and other creditors initiated an involuntary bankruptcy proceeding against Beale in the United States Bankruptcy Court for the Northern District of Illinois, Case No. 04-8748 ("Bankruptcy Case").

**ANSWER:**     Admitted.

7.     The Bankruptcy Case remains open but Beale has waived any right to a discharge of debts that he may have been entitled to receive. As a result, no automatic stay arising from the Bankruptcy Case prevents REVOLUTION from pursuing Beale for recovery of the total amount due under the Judgment or otherwise.

**ANSWER:**     Beale admits that he signed an Order agreeing to waive his discharge under 11 U.S.C. § 727(a)(10), which Order was entered in the Bankruptcy Case on or about January 12, 2006. The remaining allegations of this Paragraph are conclusions of law, to which no response is required but, to the extent a response is required they are denied.

8.     On or about December 12, 2005, Beale and REVOLUTION entered into that certain Settlement Agreement dated December 12, 2005. ("Original Agreement").

**ANSWER:**     Beale admits that he and Revolution entered into that certain Settlement Agreement dated as of December 12, 2005, a copy of which is attached as Exhibit A to Beale's Verified Complaint for Specific Performance, Injunction and Other Relief (the "Complaint"), and which Revolution refers to in its Counterclaim as the "Original Agreement." Beale denies the remaining allegations of this Paragraph.

9.     Among other terms and conditions, the Original Agreement required Beale to pursue, in good faith, the acquisition of an insurance policy on his life (the "Policy").

**ANSWER:**     Beale states that the allegations of this Paragraph purport to describe and characterize the terms of a written document, which speaks for itself. Therefore, Beale denies the allegations of this Paragraph to the extent that they are inconsistent with the terms of the document they purport to describe.

3

10. Beale defaulted under the terms of the Original Agreement by, among other things, failing, refusing and neglecting to pursue, in good faith, the acquisition of the Policy.

**ANSWER:** Denied.

11. In an effort to resolve the dispute, which followed Beale's defaults under the Original Agreement, Beale and REVOLUTION entered into a certain First Amendment to Settlement Agreement dated as of June 26, 2007. ("First Amendment").

**ANSWER:** Beale admits that he and Revolution entered into that certain First Amendment to Settlement Agreement dated as of June 26, 2007, a copy of which is attached as Exhibit B to Beale's Verified Complaint for Specific Performance, Injunction and Other Relief (the "Complaint"), and which Revolution refers to in its Counterclaim as the "First Amendment." Beale denies the remaining allegations of this Paragraph.

12. Almost immediately thereafter, Beale defaulted under the First Amendment by, among other things, failing to make all payments as and when due, despite Beale's clear and express acknowledgment in paragraph 7 of the First Amendment that "TIME IS OF THE ESSENCE" with respect to all of his obligations under the First Amendment.

**ANSWER:** Denied.

13. As a result of Beale's defaults under the Original Agreement and the First Amendment, REVOLUTION is entitled to pursue recovery of all amounts remaining due under the Judgment and all other amounts recoverable under those agreements including, but not limited to, all attorneys' fees and expenses.

**ANSWER:** Denied.

## AFFIRMATIVE DEFENSES

1. Revolution' Counterclaim fails to state a claim upon which relief may be granted.

2. Revolution's Counterclaim is barred by the doctrine of accord and satisfaction.

3. Revolution's Counterclaim is barred by the doctrine of estoppel in that, among other things, Revolution caused any breaches by Beale and because Revolution, in word and deed, acted

inconsistently with its present course of action in claiming a default by Beale, and Beale relied upon such conduct to his detriment.

4. Revolution's Counterclaim is barred by failure of consideration.

5. Revolution's Counterclaim is barred by Revolution's fraudulent inducement of Beale to enter into the First Amendment. Specifically, in May and June of 2007, in both e-mails and telephone calls, Revolution, through its counsel, Jeffrey Ganz, represented to Beale and his counsel, Scott Clar, that Revolution would issue general releases to Beale in exchange for Beale's performance under the First Amendment. In fact, when these representations were made, Revolution and its counsel knew that such statements were false in that Revolution never intended to provide any releases to Beale. Instead, Revolution actually intended to set tight deadlines for Beale's performance, then interfere with Beale's performance so that Revolution could claim that Beale was in default, and not issue any releases. Through this fraudulent scheme, Revolution hoped to -- and has -- obtained from Beale, among other things, over $400,000 in cash and a $1,250,000 life insurance policy on Beale's life, for which Revolution has given nothing to Beale. Beale further incorporates herein the allegations in paragraph 17-42 of the Complaint, which further describe Revolution's fraudulent scheme.

6. Revolution's Counterclaim is barred by the doctrine of laches, particularly to the extent that Revolution is seeking to collect on a judgment issued more than 15 years ago.

7. Revolution's Counterclaim is barred by the fact that, in connection with the Bankruptcy Case or otherwise, Revolution has already received -- or will receive -- full or partial payment of the claims it is attempting to assert.

8. Revolution's Counterclaim is barred by its release of its claims.

9. Revolution's Counterclaim is barred by Revolution's waiver of the events of default that are asserted as the basis of its Counterclaim.

10. Revolution's Counterclaim is barred by the doctrine of mend the hold.

11. Revolution's Counterclaim is barred by Revolution's prior material breaches of the Original Agreement and the First Amendment.

12. Revolution's Counterclaim is barred by the failure of Revolution to perform all conditions precedent to Beale's obligations to perform pursuant to the Original Agreement and the First Amendment, including, without limitation, the following:  (a) Revolution did not deliver the general release required pursuant to the Original Agreement; (b) Revolution intentionally obstructed Beale's performance of his obligations under the First Amendment; (c) Revolution intentionally delayed making payments to Defendant Security Life of Denver Company d/b/a ING ("ING") as required by the First Amendment; (d) Revolution did not deliver its release of lien on certain real property in Florida (the "Florida Release") to its or Beale's escrow agents; (e) Revolution did not deliver the general release required pursuant to the First Amendment; (f) Revolution did not provide notice to Beale or his attorney of Revolution's intention not to deliver the Florida Release or the general releases.

13. Revolution's Counterclaim is barred by its unclean hands.

14. Revolution's Counterclaim is barred by novation.

15. Revolution's Counterclaim for special damages is barred due to Revolution's failure to allege its special damages with specificity.

16. Revolution's Counterclaim is barred because the damages claimed by Revolution were caused by persons over whom Beale had and has no control.

WHEREFORE, Beale respectfully requests the entry of Judgment in his favor and against Revolution on Revolution's Counterclaim, awarding Beale his costs of suit and awarding Beale such other and further relief as is appropriate.

Respectfully submitted,

JOSEPH S. BEALE

By:  /s/ Monte L. Mann
       One of His Attorneys

Monte L. Mann
Richard G. Douglass
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606
(312) 419-6900
Firm No. 91731

Doc. #: 201552

**CERTIFICATE OF SERVICE**

Monte L. Mann, an attorney, hereby certifies that, on January 7, 2008, he caused a true and correct copy of the foregoing *Counter-Defendant's Answer and Affirmative Defense to Revolution Portfolio, LLC's Counterclaim* to be filed electronically with the Court's CM/ECF system, and that notice of this filing was sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to receive electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.



/s/ Monte L. Mann
Monte L. Mann