UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH S. BEALE, | ) | |
| | ) | Case No. 07 CV 6909 |
| Plaintiff, | ) | |
| | ) | Judge Kocoras |
| v. | ) | |
| | ) | Magistrate Judge Valdez |
| REVOLUTION PORTFOLIO, LLC, and | ) | |
| SECURITY LIFE OF DENVER | ) | |
| INSURANCE COMPANY d/b/a/ ING, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| REVOLUTION PORTFOLIO, LLC, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH S. BEALE, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**MOTION FOR ENTRY OF PROTECTIVE ORDER**

Plaintiff Joseph S. Beale ("Beale"), by and through his attorneys, Novack and Macey, LLP, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, respectfully moves the Court for the entry of a Protective Order, in the form attached hereto as Exhibit A, which would allow the parties to designate as confidential personally identifiable health and financial information that may be produced during the course of this litigation. In support of this Motion, Beale states as follows:

**I.	BACKGROUND**

1.	In this action, Beale seeks, among other things, to require Defendant Revolution Portfolio, LLC, to live up to its end of a settlement agreement, as amended (the "Settlement Agreement").

2.	The Settlement Agreement provides for, among other things, Beale to obtain a life insurance policy to be transferred to Revolution, and for Beale to make certain payments to Revolution. In return, Revolution was to, among other things, provide certain releases to Beale at specific points in time.

3.	In connection with this matter, Revolution has propounded discovery requests to Beale, and issued subpoenas to third-parties, seeking information regarding Beale's personally identifiable health information and his personally identifiable financial information.

4.	Beale has objected to the production of much of this information. Beale's objections to Revolution's discovery requests are set forth in his responses thereto. Beale's objections to the subpoenas are set forth in his Motion to Quash Subpoenas, which is filed contemporaneously herewith. Thus, Beale does not agree that the requested information is relevant or discoverable, and does not waive his objections to the discovery thereof.

5.	Nevertheless, because such information is confidential, and because the information might ultimately be produced  -- either over Beale's objections or pursuant to an agreement -- Beale proposed that the parties enter into a Stipulation and Protective Order to govern the pre-trial disclosure of confidential information.

6. Specifically, on March 17, 2008, Beale's sent an email to Defendants' counsel, proposing a standard Stipulation and Protective Order (the "Proposed Order"). A copy of the March 17, 2008 email with the Proposed Order is attached hereto as Exhibit B.

7. Pursuant to the Proposed Order, the parties and their counsel could designate as "Confidential" only information: "(1) that the producing party in good faith considers confidential; (2) that contains personally identifiable financial and/or health information; and/or (3) that would work to the competitive disadvantage of the producing party if disclosed to the public and/or to any competitor or potential competitor of the producing party." (Ex. B, ¶ 2.) Further, regardless of designation, the proposed order provided that information in the public domain at the time of disclosure would not be deemed "Confidential." (Id.)

8. Under the Proposed Order, such Confidential information could be used "solely for the purpose of preparation, prosecution or defense of this action and for no other purpose whatsoever." (Id., ¶ 1.)

9. Further, pursuant to the Proposed Order, any party could challenge a "Confidential" designation. (Id., ¶ 9.) If the parties were unable to resolve the challenge, the objecting party could move the Court for an order to change the designated status. (Id., ¶ 9.) On such a motion, the designating party would still bear the burden of proving that the designation was appropriate." (Id.)

10. On March 27, 2008, counsel for Defendant Security Life of Denver Insurance Company d/b/a ING ("Security Life") sent an email to Beale's counsel agreeing to the Proposed Order. A copy of that March 27, 2008 email is attached hereto as Exhibit C.

11.　　On the same date, Revolution's counsel sent an email agreeing to a protective order in principal, but rasing two objections to the Proposed Order. A copy of Revolution's counsel's March 27, 2008 email objecting to the Proposed Order is attached hereto as Exhibit D.

12.　　Specifically, Revolution claims that it does not want Beale to be able to designate any of his personally identifiable financial information as confidential, and wants to require the designating party -- again, Beale -- to have to file a motion each time Revolution objects to the designation of any material as confidential.

13.　　On April 4, 2008, Richard Douglass, as counsel for Beale, and Garrett Carter, as counsel for Revolution, conferred via telephone regarding their disagreements over the proposed protective order. After consultation by telephone and good faith attempts to resolve their differences, the parties are unable to reach an accord on the issue of the protective order.

## II.　ARGUMENT

14.　　As set forth above, the parties are in agreement on all but two issues with respect to the Proposed Order. <u>First</u>, Revolution contends that Beale's personally identifiable financial information is not confidential and, therefore, is not subject to protection. <u>Second</u>, Revolution contends that the designating party, and not the receiving party, should be required to file a motion if there is a disagreement over a "Confidential" designation. The Court should reject both of Revolution's objections.

### A.　Beale's Personal Financial Information Is Confidential

15.　　"Confidential information is customarily made available, if at all, under a protective order, and the district court has substantial discretion to decide which information should be

protected and to frame the order." Ball Memorial Hosp., Inc. v. Mutual Hosp. Ins., Inc., 784 F.2d 1325, 1346 (7th Cir. 1986).

16.　Personally identifiable financial information is generally considered confidential information, and may be the proper subject of a protective order. E.g., Wilson v. Wilson, No. 89-C-9620, 1991 WL 152909 at *3 (N. D. Ill., Aug. 2, 1991) (Kocoras, J.) (a copy of this decision is attached hereto as Exhibit E).

17.　Revolution, however, contends that Beale's personal financial information is not confidential because Revolution instituted an involuntary bankruptcy against Beale four years ago, which has not yet been finally resolved. There is no such rule. Revolution has never cited any authority for this proposition, and Beale's counsel could not find any.

18.　Moreover, even if Revolution were entitled to discovery about the funds Beale could have used to make the payments required under the Settlement Agreement (it is not), such information would not relate to the bankruptcy. That is because the Settlement Agreement specifically required that Beale make the payments required of him "from assets which are not property of the Beale bankruptcy estate." (E.g., Complaint, Ex. A, ¶2(a).)

19.　For these reasons, Revolution's bankruptcy argument is without any merit.

20.　So, why does Revolution object to allowing Beale to designate that his personal financial information as "Confidential," so that it can be used only for this litigation? The answer is simple: Revolution does not want to use Beale's personal financial information in this litigation. Revolution is attempting to use discovery in this case to learn about Beale's assets in general to aid in collection efforts, despite that it has not yet obtained judgment. The Court should not countenance such an abuse of the discovery process.

### B. Beale Should Not Be Required To File Multiple Motions To Preserve The Confidentiality Of His Personal Information

21. The Proposed Order provides that, "at any time," any party to the action may challenge a designation of "Confidential," and in the event that the parties cannot resolve the dispute, the objecting party may bring a motion to change the designation. (Proposed Order, ¶ 9.)

22. By proceeding in this matter, even if the parties are unable to resolve their dispute as to a designation, it is not necessary for the challenging party to immediately move to change the designation. Instead, the parties may proceed with discovery, and decide after discovery is complete which, if any, of the challenged documents are significant enough to merit the filing of a motion to change the designation.

23. This will save the parties' and the Court's time by: (a) minimizing the number of motions relating to confidential designations (ideally, to one, if any); and (b) minimizing the number of challenged designations that must be resolved by the Court because the parties can decide what documents are material and need to have their designation changed before bringing the issue to the Court for resolution.

24. Revolution, however, contends that the designating party -- in all likelihood, Beale -- should be required to file a motion to preserve a confidential designation every time there is a dispute over the designation. This procedure would result in piecemeal motions practice, with motions being necessary every time a party produces documents, a third-party produces documents, a deposition is taken, etc.

25. Additionally, Revolution's procedure would increase the total number of disputed designations that the Court would be required to resolve. Because the disputes would occur before

the benefit of full discovery, and thus before the challenging party knew whether the documents were actually material, presumably Revolution would force Beale to file motions as to every designation it dislikes -- even for those documents that are ultimately not material to the litigation, and which are never actually used in a hearing or at trial.

26. In sum, Revolution's request would result in serial motions, requiring the Court to engage in the type of page-by-page review of confidential designations that a confidentiality order is intended to prevent.

WHEREFORE, for the foregoing reasons, Plaintiff Joseph S. Beale respectfully requests that the Court enter the Protective Order attached hereto as Exhibit A, and grant him such other and further relief as is appropriate.

Respectfully submitted,

JOSEPH S. BEALE

By: /s/ Monte L. Mann
One of His Attorneys

Monte L. Mann
Richard G. Douglass
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606
(312) 419-6900
Firm No. 91731
Doc. #: 214786

**CERTIFICATE OF SERVICE**

      Monte L. Mann, an attorney, hereby certifies that, on April 21, 2008, he caused a true and correct copy of the foregoing *Motion for Entry of Protective Order* to be filed electronically with the Court's CM/ECF system, and that notice of this filing was sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to receive electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.



                                                                    /s/ Monte L. Mann  
                                                                     Monte L. Mann