EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH S. BEALE, | ) | |
| | ) | Case No. 07 CV 6909 |
| Plaintiff, | ) | |
| | ) | Judge Kocoras |
| v. | ) | |
| | ) | Magistrate Judge Valdez |
| REVOLUTION PORTFOLIO, LLC, and | ) | |
| SECURITY LIFE OF DENVER | ) | |
| INSURANCE COMPANY d/b/a/ ING, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| REVOLUTION PORTFOLIO, LLC, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH S. BEALE, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**PROTECTIVE ORDER**

IT IS HEREBY ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following provisions shall govern pre-trial discovery conducted and disclosures made in the above-captioned action:

1.      All "Confidential" information produced or exchanged in the course of this action shall be used solely for the purpose of preparation, prosecution or defense of this action and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Order.

2.      For the purposes of this Order, the term "Confidential" shall include all information: (1) that the producing party in good faith considers confidential; (2) that contains personally identifiable financial and/or health information; and/or (3) that would work to the competitive disadvantage of the producing party if disclosed to the public and/or to any competitor or potential competitor of the producing party.  Information in the public domain at the time of disclosure is not "Confidential," regardless of whether it has been so designated by the producing party.  Information designated as "Confidential" by a producing party, but which later becomes part of the public domain through no fault of the opposing party, ceases to be "Confidential" as of the time it becomes a part of the public domain.

3.      "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons.  "Qualified Persons" as used herein means:

        a.      The parties to this action and party employees, officers and directors to whom it is reasonably necessary that the information be shown for purposes of this action;

        b.      Attorneys representing the parties in this action, and employees of such attorneys to whom it is reasonably necessary that the information be shown for purposes of this action;

        c.      Actual or potential independent experts or consultants who have signed an Agreement to be Bound by Stipulation and Protective Order in the form of Exhibit A attached hereto;

        d.      This Court, court personnel and court reporters in any further proceedings in this action;

        e.      Third parties called as witnesses at trial or in deposition, provided that, unless such a third party witness signs an Agreement to be Bound by Stipulation and Protective Order in

2

the form of Exhibit A attached hereto, that any "Confidential" information or documents shall be returned by such third party witness to counsel for the party that called the witness immediately after the witness completes his or her testimony.  If a third party deposition witness does not sign an Agreement to be Bound by Stipulation and Protective Order in the form of Exhibit A attached hereto, but chooses to read and sign his or her deposition transcript, such witness may be provided with a copy of the draft transcript and the exhibits thereto for that purpose only, and counsel for the party that called for the deposition of the witness shall ensure that the witness does not retain any portion of the deposition transcript that has been designated as "Confidential," or any exhibits thereto designated as "Confidential" after such review; and

      f.     Others as agreed to by the parties in advance in writing.

    4.     Documents and/or information produced in this action may be designated by any party or parties as "Confidential" by conspicuously marking the document(s) or information so designated "CONFIDENTIAL" and/or by designating in writing the specific documents (by Bates number of other document number) as "CONFIDENTIAL."

    5.     At any deposition session, counsel who produced "Confidential" information which is the subject of any deposition questions or answers may, on the record, designate that portion of the transcript of the deposition relating or pertaining to the  "Confidential" information (and any exhibits thereto containing "Confidential" information) as "CONFIDENTIAL."  Deposition testimony and exhibits designated as "Confidential" information during a deposition shall be separately bound and bear the legend "CONFIDENTIAL" on the cover; deposition testimony designated as "Confidential" information after transcription shall also be separately bound and bear the legend "CONFIDENTIAL" on the cover.  For fifteen (15) days after receipt of the deposition

transcript, the entire transcript and all "Confidential" exhibits thereto shall be treated as "Confidential" information.  Within the 15-day period, counsel must designate any additional portions of the deposition transcript as "CONFIDENTIAL."

6.    If "Confidential" information is included in answers to interrogatories or requests for admissions, such answers shall be marked with the legend "CONFIDENTIAL" and separately bound.

7.    "Confidential" information shall be kept in the custody and care of counsel; however, working copies of documents designated "Confidential" may be made.  Working copies of documents designated "Confidential" may be provided to experts or consultants who have executed an Agreement to be Bound by Stipulation and Protective Order in the form of Exhibit A attached hereto.

8.    Documents unintentionally produced without designation as "Confidential" may be retroactively designated by notice in writing to the receiving party, and shall be treated appropriately from the date written notice of the designation is provided.

9.    Any party to this action may challenge the propriety of a "Confidential" designation at any time during these proceedings.  In the event of such challenge, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies.  If the dispute cannot be resolved, the objecting party may move the Court for an order to change the designated status of such information.  On such a motion, the designating party shall bear the burden of proving that the designation is appropriate.  The parties may provide for exceptions to this Order by written stipulation and any party may seek an order of the Court modifying this Order.

10.    In the event a party wishes to use "Confidential" information in any papers filed with the Court in this action, such papers shall be filed under seal consistent with the Court's Local Rules and Procedures for Electronic Case Filing.

11.    Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to information designated "Confidential" shall be subject to the provisions in this Order.

12.    Within sixty (60) days after conclusion of this action or any appeal from final decision in this action, whichever is later, all "Confidential" information produced pursuant to this Order and copies thereof shall be destroyed (so long as it is a copy) or returned by the opposing party to the producing party.  If the opposing party destroys any "Confidential" information pursuant to this paragraph, then such party shall send to the producing party written certification that all "Confidential" information has either been returned or destroyed.  The provisions of this Order shall continue to be binding after the conclusion of this action.

13.    This Order may be extended to additional parties or nonparties by mutual written consent of the parties that are signatories to this agreement.  The provisions of this Order also apply to all information obtained by a party from any third party under an obligation of confidence.

ENTER:


_____

**Honorable Charles P. Kocoras**
United States District Court Judge

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH S. BEALE, | ) | |
| | ) | Case No. 07 CV 6909 |
| Plaintiff, | ) | |
| | ) | Judge Kocoras |
| v. | ) | |
| | ) | Magistrate Judge Valdez |
| REVOLUTION PORTFOLIO, LLC, and | ) | |
| SECURITY LIFE OF DENVER | ) | |
| INSURANCE COMPANY d/b/a/ ING, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| REVOLUTION PORTFOLIO, LLC, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH S. BEALE, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

1.     I acknowledge that I have read and that I understand the Protective Order entered in the above-captioned action and I hereby agree to abide by all of its terms and conditions.

2.     I agree to return upon request, or in any event at the conclusion of this litigation or upon termination of my engagement, all "Confidential" information that comes into my possession, as well as all documents which I have prepared related thereto, to the party or attorneys by whom I was engaged.

3.      I understand that any violation of the Protective Order by me or anyone acting under my direction may subject me to sanctions imposed by the Court hearing this action or another court of competent jurisdiction, including, but not limited to, penalties for contempt of court.

4.      I hereby submit to the jurisdiction of the United States District Court for the Northern District of Illinois for these purposes.

Signature:_____

Print Name:_____

Date:_____

Address:_____

_____

_____

EXHIBIT B

**Richard Douglass**

| | |
|---|---|
| **From:** | Richard Douglass |
| **Sent:** | Monday, March 17, 2008 10:31 AM |
| **To:** | Matthew P. Connelly (mpconnelly@crmlaw.com); 'gcarter@crmlaw.com'; 'clega@riemerlaw.com'; Thomas B. Keegan |
| **Cc:** | Monte Mann |
| **Subject:** | Beale v. Revolution, et al. |

Gentlemen:

As we proceed with discovery in the above-referenced matter, it is apparent that some personal information regarding Mr. Beale and/or his health may be disclosed.  Accordingly, we propose that the parties enter into a Stipulation and Protective Order to allow the parties to designate information and materials as Confidential.  To that end, a draft Stipulation and Protective Order is attached for your review and comment.

Please let me know whether you and your clients will agree to the Stipulation and Protective Order and, if so, please provide any comments to the draft.  Of course, should you have any questions, or if you wish to discuss the matter, please feel free to call.  Thank you.

Sincerely,

Rich

Richard G. Douglass
Novack and Macey LLP
100 North Riverside Plaza
Chicago, IL 60606-1501
Phone: (312) 419-6900
Fax: (312) 419-6928
rdouglass@novackandmacey.com

PERSONAL AND CONFIDENTIAL
The information contained in this electronic mail transmission is confidential and is intended to be sent only to the stated recipient of the transmission. If you are not the intended recipient or the intended recipient's agent, you are hereby notified that any review, use, dissemination, distribution or copying of this communication is strictly prohibited. You are also asked to notify us immediately by telephone at 312.419.6900 and to delete this transmission with any attachments and destroy all copies in any form. Thank you in advance for your cooperation.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH S. BEALE, ) | |
|  ) | Case No. 07 CV 6909 |
| Plaintiff, ) | |
|  ) | Judge Kocoras |
| v. ) | |
|  ) | Magistrate Judge Valdez |
| REVOLUTION PORTFOLIO, LLC, and ) | |
| SECURITY LIFE OF DENVER ) | |
| INSURANCE COMPANY d/b/a/ ING, ) | |
|  ) | |
| Defendants. ) | |
| _____ ) | |
|  ) | |
| REVOLUTION PORTFOLIO, LLC, ) | |
|  ) | |
| Counter-Plaintiff, ) | |
|  ) | |
| v. ) | |
|  ) | |
| JOSEPH S. BEALE, ) | |
|  ) | |
| Counter-Defendant. ) | |

## <u>STIPULATION AND PROTECTIVE ORDER</u>

IT IS HEREBY STIPULATED by and between the parties to this action and their attorneys that the following Order may be entered by the Court pursuant to Rules 26(c) and 29 of the Federal Rules of Civil Procedure to give effect to the matters stipulated as set forth below. As between the parties to this Stipulation, they agree to be bound by its terms as of the time that they sign this Stipulation.

1.      All "Confidential" information produced or exchanged in the course of this action shall be used solely for the purpose of preparation, prosecution or defense of this action and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Order.

2.      For the purposes of this Order, the term "Confidential" shall include all information: (1) that the producing party in good faith considers confidential; (2) that contains personally identifiable financial and/or health information; and/or (3) that would work to the competitive disadvantage of the producing party if disclosed to the public and/or to any competitor or potential competitor of the producing party.  Information in the public domain at the time of disclosure is not "Confidential," regardless of whether it has been so designated by the producing party.  Information designated as "Confidential" by a producing party, but which later becomes part of the public domain through no fault of the opposing party, ceases to be "Confidential" as of the time it becomes a part of the public domain.

3.      "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons.  "Qualified Persons" as used herein means:

        a.      The parties to this action and party employees, officers and directors to whom it is reasonably necessary that the information be shown for purposes of this action;

        b.      Attorneys representing the parties in this action, and employees of such attorneys to whom it is reasonably necessary that the information be shown for purposes of this action;

2

c.    Actual or potential independent experts or consultants who have signed an Agreement to be Bound by Stipulation and Protective Order in the form of Exhibit A attached hereto;

d.    This Court, court personnel and court reporters in any further proceedings in this action;

e.    Third parties called as witnesses at trial or in deposition, provided that, unless such a third party witness signs an Agreement to be Bound by Stipulation and Protective Order in the form of Exhibit A attached hereto, that any "Confidential" information or documents shall be returned by such third party witness to counsel for the party that called the witness immediately after the witness completes his or her testimony.  If a third party deposition witness does not sign an Agreement to be Bound by Stipulation and Protective Order in the form of Exhibit A attached hereto, but chooses to read and sign his or her deposition transcript, such witness may be provided with a copy of the draft transcript and the exhibits thereto for that purpose only, and counsel for the party that called for the deposition of the witness shall ensure that the witness does not retain any portion of the deposition transcript that has been designated as "Confidential," or any exhibits thereto designated as "Confidential" after such review; and

f.    Others as agreed to by the parties in advance in writing.

4.    Documents and/or information produced in this action may be designated by any party or parties as "Confidential" by conspicuously marking the document(s) or information so designated "CONFIDENTIAL" and/or by designating in writing the specific documents (by Bates number of other document number) as "CONFIDENTIAL."

5.    At any deposition session, counsel who produced "Confidential" information which is the subject of any deposition questions or answers may, on the record, designate that portion of

3

the transcript of the deposition relating or pertaining to the "Confidential" information (and any exhibits thereto containing "Confidential" information) as "CONFIDENTIAL." Deposition testimony and exhibits designated as "Confidential" information during a deposition shall be separately bound and bear the legend "CONFIDENTIAL" on the cover; deposition testimony designated as "Confidential" information after transcription shall also be separately bound and bear the legend "CONFIDENTIAL" on the cover. For fifteen (15) days after receipt of the deposition transcript, the entire transcript and all "Confidential" exhibits thereto shall be treated as "Confidential" information. Within the 15-day period, counsel must designate any additional portions of the deposition transcript as "CONFIDENTIAL."

6.    If "Confidential" information is included in answers to interrogatories or requests for admissions, such answers shall be marked with the legend "CONFIDENTIAL" and separately bound.

7.    "Confidential" information shall be kept in the custody and care of counsel; however, working copies of documents designated "Confidential" may be made. Working copies of documents designated "Confidential" may be provided to experts or consultants who have executed an Agreement to be Bound by Stipulation and Protective Order in the form of Exhibit A attached hereto.

8.    Documents unintentionally produced without designation as "Confidential" may be retroactively designated by notice in writing to the receiving party, and shall be treated appropriately from the date written notice of the designation is provided.

9.    Any party to this action may challenge the propriety of a "Confidential" designation at any time during these proceedings. In the event of such challenge, the parties shall first try to

4

resolve such dispute in good faith on an informal basis, such as production of redacted copies.  If the dispute cannot be resolved, the objecting party may move the Court for an order to change the designated status of such information.  On such a motion, the designating party shall bear the burden of proving that the designation is appropriate.  The parties may provide for exceptions to this Order by written stipulation and any party may seek an order of the Court modifying this Order.

10.    In the event a party wishes to use "Confidential" information in any papers filed with the Court in this action, such papers shall be filed under seal consistent with the Court's Local Rules and Procedures for Electronic Case Filing.

11.    Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to information designated "Confidential" shall be subject to the provisions in this Order.

12.    Within sixty (60) days after conclusion of this action or any appeal from final decision in this action, whichever is later, all "Confidential" information produced pursuant to this Order and copies thereof shall be destroyed (so long as it is a copy) or returned by the opposing party to the producing party.  If the opposing party destroys any "Confidential" information pursuant to this paragraph, then such party shall send to the producing party written certification that all "Confidential" information has either been returned or destroyed.  The provisions of this Order shall continue to be binding after the conclusion of this action.

13.     This Order may be extended to additional parties or nonparties by mutual written consent of the parties that are signatories to this agreement.  The provisions of this Order also apply to all information obtained by a party from any third party under an obligation of confidence.

ENTER:

_____

**Honorable Charles P. Kocoras**
United States District Court Judge

**STIPULATED:**

**Attorneys for Plaintiff, Joseph S. Beale:**

Monte L. Mann
Richard G. Douglass
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, Illinois  60606-1501
Tel:  (312) 419-6900

Signature:_____

Date:_____

**Attorneys for Defendant, Security
Life of Denver Insurance Company:**

Thomas B. Keegan
Edward Gleason
KEEGAN, LATERZA, LOFGREN & GLEASON LLC
566 West Adams Street, Suite 750
Chicago, IL 60661
Tel: (312) 655-0200

Signature:_____

Date:_____

**Attorneys for Defendant,
REVOLUTION PORTFOLIO, LLC:**

Matthew P. Connelly
Garrett C. Carter
CONNELLY, ROBERTS & MCGIVNER LLC
55 W. Monroe Street, Suite 1700
Chicago, Illinois 60603
Tel:  (312) 251-9600

Christopher B. Lega
REIMER & BRAUNSTEIN LLP
Three Center Plaza, 6th Floor
Boston, MA 02108
Tel: (617) 523-9000

Signature:_____

Date:_____

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH S. BEALE, | ) | |
| | ) | Case No. 07 CV 6909 |
| Plaintiff, | ) | |
| | ) | Judge Kocoras |
| v. | ) | |
| | ) | Magistrate Judge Valdez |
| REVOLUTION PORTFOLIO, LLC, and | ) | |
| SECURITY LIFE OF DENVER | ) | |
| INSURANCE COMPANY d/b/a/ ING, | ) | |
| | ) | |
| Defendants. | ) | |
| ――――――――――――――――――――――― | ) | |
| | ) | |
| REVOLUTION PORTFOLIO, LLC, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH S. BEALE, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**AGREEMENT TO BE BOUND BY**
**STIPULATION AND PROTECTIVE ORDER**

1.      I acknowledge that I have read and that I understand the Stipulation and Protective Order entered in the above-captioned action and I hereby agree to abide by all of its terms and conditions.

2.      I agree to return upon request, or in any event at the conclusion of this litigation or upon termination of my engagement, all "Confidential" information that comes into my possession, as well as all documents which I have prepared related thereto, to the party or attorneys by whom I was engaged.

3.      I understand that any violation of the Stipulation and Protective Order by me or anyone acting under my direction may subject me to sanctions imposed by the Court hearing this action or another court of competent jurisdiction, including, but not limited to, penalties for contempt of court.

4.      I hereby submit to the jurisdiction of the United States District Court for the Northern District of Illinois for these purposes.

Signature:_____

Print Name:_____

Date:_____

Address:_____

_____

_____

EXHIBIT C

**Richard Douglass**

| | |
|---|---|
| **From:** | Thomas B. Keegan |
| **Sent:** | Thursday, March 27, 2008 9:34 AM |
| **To:** | Richard Douglass |
| **Subject:** | RE: Beale v. Revolution, et al. |

The proposed Protective Order is acceptable.

**Richard Douglass <RDouglass@novackandmacey.com> wrote:**

Here it is.

Richard G. Douglass
Novack and Macey LLP
100 North Riverside Plaza
Chicago, IL 60606-1501
Phone: (312) 419-6900
Fax: (312) 419-6928
rdouglass@novackandmacey.com

PERSONAL AND CONFIDENTIAL
The information contained in this electronic mail transmission is confidential and is intended to be sent only to the stated recipient of the transmission. If you are not the intended recipient or the intended recipient's agent, you are hereby notified that any review, use, dissemination, distribution or copying of this communication is strictly prohibited. You are also asked to notify us immediately by telephone at 312.419.6900 and to delete this transmission with any attachments and destroy all copies in any form. Thank you in advance for your cooperation.

-----Original Message-----
**From:** Thomas B. Keegan
**Sent:** Tuesday, March 25, 2008 7:25 AM
**To:** Richard Douglass
**Subject:** RE: Beale v. Revolution, et al.

I am out of the office and don't have it with me. Can you resend it to me. I read it when you circulated it and thought it was fine, but would like to take one more look. Thanks.

**Richard Douglass <RDouglass@novackandmacey.com> wrote:**

Gentlemen:

Have you had a chance to review the proposed Protective Order? Please let me know your clients' positions.

Thanks,

Rich

Richard G. Douglass
Novack and Macey LLP
100 North Riverside Plaza

Chicago, IL 60606-1501
Phone: (312) 419-6900
Fax: (312) 419-6928
rdouglass@novackandmacey.com

PERSONAL AND CONFIDENTIAL
The information contained in this electronic mail transmission is confidential and
is intended to be sent only to the stated recipient of the transmission. If you are
not the intended recipient or the intended recipient's agent, you are hereby
notified that any review, use, dissemination, distribution or copying of this
communication is strictly prohibited. You are also asked to notify us
immediately by telephone at 312.419.6900 and to delete this transmission with
any attachments and destroy all copies in any form. Thank you in advance for
your cooperation.

-----Original Message-----
**From:** Richard Douglass
**Sent:** Monday, March 17, 2008 10:31 AM
**To:** Matthew P. Connelly (mpconnelly@crmlaw.com); 'gcarter@crmlaw.com';
'clega@riemerlaw.com'; Thomas B. Keegan
**Cc:** Monte Mann
**Subject:** Beale v. Revolution, et al.

Gentlemen:

As we proceed with discovery in the above-referenced matter, it is apparent that
some personal information regarding Mr. Beale and/or his health may be
disclosed.  Accordingly, we propose that the parties enter into a Stipulation and
Protective Order to allow the parties to designate information and materials as
Confidential.  To that end, a draft Stipulation and Protective Order is attached for
your review and comment.

Please let me know whether you and your clients will agree to the Stipulation and
Protective Order and, if so, please provide any comments to the draft.  Of course,
should you have any questions, or if you wish to discuss the matter, please feel
free to call.  Thank you.

Sincerely,

Rich

Richard G. Douglass
Novack and Macey LLP
100 North Riverside Plaza
Chicago, IL 60606-1501
Phone: (312) 419-6900
Fax: (312) 419-6928
rdouglass@novackandmacey.com

PERSONAL AND CONFIDENTIAL
The information contained in this electronic mail transmission is
confidential and is intended to be sent only to the stated recipient of the
transmission. If you are not the intended recipient or the intended
recipient's agent, you are hereby notified that any review, use,
dissemination, distribution or copying of this communication is strictly

prohibited. You are also asked to notify us immediately by telephone at 312.419.6900 and to delete this transmission with any attachments and destroy all copies in any form. Thank you in advance for your cooperation.

EXHIBIT D

**Richard Douglass**

| | |
|---|---|
| **From:** | Carter,Garrett [GCarter@crmlaw.com] |
| **Sent:** | Thursday, March 27, 2008 4:34 PM |
| **To:** | Richard Douglass |
| **Cc:** | Connelly, Matt |
| **Subject:** | Beale v. Revolution |

Rich –

I received your correspondence from yesterday pertaining to the subpoenas. I will touch base with you tomorrow afternoon or first thing Monday after I have had an opportunity to address the issues with my client. I am hopeful we can resolve the issues without court interference.

With respect to the Protective Order, the only comments we have is that "confidential" material should be limited to Beale's health issues, not his financial issues considering he remains a debtor in bankruptcy. Additionally, in the event there is a dispute as to what is confidential, the party designating the material "confidential" should be the one required to move the court for a determination, not the party challenging the designation.

I will touch base with you soon to discuss these issues.

Regards,

Garrett C. Carter
Connelly Roberts & McGivney, LLC
55 West Monroe Street
Suite 1700
Chicago, Illinois 60603
(312) 251-9600
(312) 251-9601 - fax
www.crmlaw.com

EXHIBIT E

Not Reported in F.Supp.                                                                                    Page 1
Not Reported in F.Supp., 1991 WL 152909 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp., 1991 WL 152909)**

**H** Wilson v. Wilson
N.D.Ill.,1991.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern
Division.
William P. WILSON, Plaintiff,
v.
John G. WILSON, Francis S. Wilson III, David M.
Wilson, Phillip E. Rollhaus, Jr., Defendants.
**No. 89 C 9620.**

Aug. 2, 1991.

*MEMORANDUM OPINION*

KOCORAS, District Judge:
**\*1** This matter is before the court on four discovery
related motions. Defendant Francis Wilson III's
("Tug's") motion to quash non-party subpoenas or for
a protective order, Defendant John G. Wilson's
("Jack's") May 21, 1991 motion to quash non-party
subpoenas filed on May 21, 1991, Jack's July 3, 1991
motion for a protective order, and Plaintiff William
Wilson's ("William's) motion for ruling on Jack's
May 21, 1991 motion. The plaintiff's motion is
effectively granted by the issuance of this opinion. In
addition, as discussed below, Tug's motion is
dismissed as moot, Jack's May 21, 1991 motion is
granted in part and denied in part, and Jack's motion
for a protective order is granted.[FN1]

BACKGROUND

This court's understanding of the case is, at this stage,
derived primarily from the complaint. Plaintiff
William Wilson ("Bill") alleges that he was the
beneficiary of three trusts established by his father,
Francis Wilson, Jr.. Two of the trusts were created in
1976 (the "1976 Trusts") and one in 1959 (the "1959
Trust"). Defendants Phillip Rollhaus ("Rollhaus")
and Jack were trustees of all three trusts, while
Defendants Tug and David Wilson ("David") were
co-trustees of the 1959 Trusts. According to the
complaint, the beneficial interests of 1976 Trusts
were transferred to Wilson Enterprises, a partnership
of family trusts of which Jack and Rollhaus were
managing partners. Defendant Melvin Katten

("Katten") was a family attorney who allegedly
performed legal services for Wilson Enterprises.

On June 25, 1979, the interests held by Wilson
Enterprises, as well as the interests of the 1959 Trust,
were allegedly conveyed to the Wilson Family Trust.
In exchange, Wilson Enterprises was to receive an
unsecured promissory note for $3,467,460, to be paid
in installments extending from September 1979 until
January 1990 at eight percent interest. The 1959
Trust was allegedly to receive one-fifth interest in an
unsecured promissory note. Bill contends that the
terms of the exchange were unfair and unreasonable,
and that he did not receive his due pursuant to those
terms. In addition, the plaintiff believes that the
Wilson Family Trust and its beneficiaries, Jack and
Tug, profited from subsequent transactions which
should have accrued to Bill's benefit.

In March 1982, the complaint further states, the
trustees of the 1959 Trust entered into an agreement
with the plaintiff to transfer certain assets of the 1959
Trust to a new trust created for the plaintiff in the
state of Washington. Allegedly as a condition of this
distribution, the plaintiff was required to sign an
agreement releasing the trustees from all liability
arising from their trusteeship. Bill complains that
prior to execution of the release, the trustees did not
disclose (1) that Jack and Tug were beneficiaries of
the Wilson Family Trust, (2) that certain trustees had
resigned, or (3) that the 1959 Trust was terminated.

Notwithstanding the release, Jack and Tug have
allegedly continued to act as the trustees of a 1959
Trust note and partnership interest in a real estate
venture known as "1300 West." Without providing
any details, the complaint states that the trustees have
acted in disregard of plaintiff's interest in these assets.

**\*2** Based on these allegations, the complaint charges
the various defendants with breaching their fiduciary
responsibilities in their management of and dealings
with the subject trusts. In addition, the plaintiff
claims that Jack, Tug and Rollhaus failed to account
or maintain adequate records for the trusts they
managed.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                 Page 2
Not Reported in F.Supp., 1991 WL 152909 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp., 1991 WL 152909)**

After two years of litigation, Tug and Bill have entered into successful settlement negotiations.[FN2] The settlement is conditioned on Tug's promise to give the plaintiff several sets of documents currently in his control. Such documents, Jack claims, include personal and financial papers belonging to Jack and other family members, documents relating to the condition and dealings of the 1959 Trust subsequent to execution of the 1982 release, and documents relating to the investments of the Wilson Family Trust. The plaintiff does not dispute this summary of the documents covered by the settlement agreement.

When the settlement was first proposed, Jack opposed the very transfer of these documents. At this time, however, the defendant merely requests the imposition of a protective order on the use and maintenance of the documents. Specifically Jack urges the court to prohibit use of the documents for purposes other than this litigation and to require the return of the documents to the appropriate family member upon conclusion of the case. In addition Jack expressly reserves his right to object to the relevancy of any documents sought to be produced at trial.

Jack has also objected to aspects of the non-party subpoenas issued by the plaintiff against several financial institutions with which the trusts have had dealings. Jack filed a motion challenging those subpoenas on the grounds that the requests are unreasonably broad, seek irrelevant information regarding Jack's personal finances and the affairs of other family trusts, and seek documents which may be obtained only pursuant to contracted for arbitration. Jack fears that the overbreadth of the discovery sought by the plaintiff will damage the family's relationship with these institutions. Based on these objections, Jack asks that the subpoenas be quashed.

The plaintiff has both answered this motion and filed a motion of his own in which he contends that the motion to quash is mooted by the motion for a protective order. The basis for this contention is a possible overlap of the documents subpoenaed with those subject to the settlement agreement. Although given the opportunity, Jack has failed to reply to this assertion. Nevertheless, it appears that a ruling on the protective order will not obviate the need to decide the motion to quash. The fact that the subpoenaed documents may overlap with documents received

pursuant to the settlement agreement strengthens rather than diminishes Jack's objections to the burdensome nature of the subpoenas. Accordingly, I will separately address the merits of each motion.

LEGAL STANDARD

Under the Federal Rules of Civil Procedure, protection from discovery may be granted only upon a showing of "good cause." Fed.R.Civ.P. 26(c). When protection from a discovery subpoena is sought, the Seventh Circuit has imposed a balancing test measuring the hardship to the movant if discovery is allowed against the harm to the discovering party if the discovery is quashed. *Deitchman v. E.R. Squibb & Sons, Inc.,* 740 F.2d 556, 559 (7th Cir.1984). Regardless of the standard, the district court has the authority to regulate discovery in such a way as to minimize the unnecessary burdens and disruption potentially caused by expansive discovery.

DISCUSSION

**\*3** The plaintiff's allegations in this case may be broken down into roughly two categories: (1) the claimed breaches of fiduciary duty, whether they arose from conflict of interest and dissipation (i.e. theft) of proceeds or from failure to properly account and maintain trust records, and (2) monetary and other relief (including an accounting) owed to the plaintiff as a result of such breaches. In view of the interrelatedness and close dealings of the Wilson trusts, the discovery needed to trace the damage caused by any breach proven to have occurred will be highly intrusive and disruptive of the affairs of many family members. By contrast, the discovery needed to prove the alleged wrongful acts and omission is much more narrow. I have therefore suggested in the course of status hearings that initial discovery will be limited to information reasonably calculated to show whether the defendants breached a duty to the plaintiff. Accordingly, I have denied the plaintiff access to Jack's personal and financial documents and to the affairs of the Wilson Family Trust beyond that needed to investigate the 1979 transaction. It is in conformity with this broad outline for discovery that the instant motions will be addressed.

On the issue of liability, the focus will be on the defendant's conduct of the 1979 transactions, the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                 Page 3
Not Reported in F.Supp., 1991 WL 152909 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp., 1991 WL 152909)**

circumstances leading up to and surrounding the execution of the 1982 release, and the defendant's performance or failure to perform an accounting. For the time being, this focus excludes inquiry into (1) the affairs of the Wilson Family Trust outside of the 1979 transaction, (2) the personal finances and dealings of the defendants, (3) the transactions and conditions of the subject funds not immediately preceding the disputed transactions, and (4) the affairs of the other trusts participating in Wilson Enterprises before and after the 1979 transaction.

1. Motion for Protective Order

The protective order sought by the defendant would cover documents passed to Bill by Tug pursuant to the proposed settlement agreement. Those documents are said to include personal business and financial records of Jack, his father, and other non-party family members, records pertaining to the affairs of the 1959 Trust subsequent to the execution of the 1979 release, and records of the Wilson Family Trust. Each of these sets of documents fall within the categories of documents to which this court has already denied Bill access. In addition, Jack indicates that the personal records of Wilson family members have remained in Tug's possession in violation of at state court order for replevin. Based on these assertions, none of which are disputed by the plaintiff, Jack has moved for a protective order barring use of the documents outside of this litigation and requiring the return of the documents to the appropriate family member at the conclusion of the case.

Although Bill strongly opposes the proposed order as an unnecessary intrusion on the settlement agreement, I fail to understand the rationale for his objection. The proposed order seems reasonably calculated to minimize the disruption of personal and business affairs which seems to inhere in this sort of litigation. At the same time, the order will not impinge at all on the plaintiff's ability to make his claim against the defendants and should not affect Tug's willingness to settle. Therefore, in view of the nature of the case, the documents at issue, and the mildness of the proposed restrictions, the defendant's motion for a protective order is granted. The parties are reminded, however, that this order does not deprive the defendants of their right to object to the relevance of any evidence Bill seeks to produce at trial. Jack has ten days to draft the proposed order.

2. Motion to Quash

*4 The document requests challenged by the defendant are broad. Bill seeks all documents relating to (1) every account opened by the defendants or by Francis Wilson, Jr. on behalf of the 1976 and 1959 Trusts, (2) three accounts held by Morgan Stanley on behalf of the 1959 Trust, and (3) Wilson Enterprises. The defendant has shown good cause for the modification of the first and third requests but has failed to meet his burden with respect to the second.

The request for documents related to every account opened on behalf of the subject trusts is unreasonably burdensome. Such a request potentially extends to transactions occurring 20 or more years before the wrongdoing alleged in the complaint. Such information is perhaps relevant to proof of damages and to the plaintiff's desire for an accounting. However, these remedies become relevant only once a breach of duty or failure to account is shown. Thus, in light of the quantity of documents potentially dredged up in compliance with the plaintiff's discovery request, the better course is to first pursue those matters related to liability before imposing on the financial institutions the burden of compliance with the challenged document request.

The third disputed request is also unreasonably expansive, but in a different way. Wilson Enterprises is a partnership of many family trusts. Thus, in asking for all documents pertaining to the partnership, the plaintiff would obtain documents related not only to the management of those trusts in which he had an interest, but also to the management of many trusts in which Bill had no interest. The affairs of these other trusts have no apparent relevance to this case, and therefore access to information concerning them is denied.

The defendant should note, however, that the existence of an arbitration clause in the partnership agreement has no bearing on my conclusion. The partnership agreement is by its terms "binding upon the successors, executors, administrators, estates, heirs and legal representatives of the parties hereto." Partnership Agreement at 12. Bill does not fall within one of these categories. Moreover, as the document was signed by defendants Jack and Rollhaus only, Bill cannot be considered a party to the agreement. In

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                    Page 4
Not Reported in F.Supp., 1991 WL 152909 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp., 1991 WL 152909)**

view of these facts, the existence of an arbitration clause does not constitute good cause to deny plaintiff access to documents pertaining to Wilson Enterprises.

The submissions of the defendant indicate no persuasive reason to deny the plaintiff access to all three Morgan Stanley accounts. Jack has not indicated when the accounts were opened nor their relationship (or lack of relationship) to either the 1979 transaction, 1982 release, or failure to account. Instead, Jack argues that two of the accounts were personal rather than trust property and therefore not relevant to this case. The plaintiff has responded by submitting a letter indicating that the accounts are in fact trust property. Although he was given ample opportunity, the defendant failed to reply to the plaintiff's factual submissions. I therefore assume that the Morgan Stanley were in fact opened on behalf of the subject trusts. Further, because no other reason has been presented for denying access to the documents pertaining to the accounts, the plaintiff will be allowed to proceed with such discovery.

> FN1. Jack had also filed an emergency motion for a protective order. That motion was superceded by the motion for a protective order decided by this opinion.

> FN2. The settling parties have filed motions for approval of the settlement agreement. Those motions are stayed pending resolution of the discovery motions.

N.D.Ill.,1991.
Wilson v. Wilson
Not Reported in F.Supp., 1991 WL 152909 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.