# EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

__Northern__ DISTRICT OF __Illinois__

Joseph S. Beale

V.

Revolution Portfolio, LLC, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-06909

TO: Leaders Bank
2001 York Road, Suite 150
Oak Brook, Illinois 60523

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attached Rider.

| PLACE  55 West Monroe Street, Suite 1700, Chicago, Illinois 60603 | DATE AND TIME  4/12/2008 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_ Attorney for Revolution Portfolio | 3/14/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Garrett Carter  55 W. Monroe Ste 1700 Chicago IL 60603  (312)-251-9600

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 3/14/2008 | 2001 York Road, Suite 150, Oak Brook, IL 60523 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Leaders Bank | Certified Mail, Return Receipt Requested |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Beverly Veuleman | Secretary |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   3/14/2008
              DATE

*Beverly Veuleman*
SIGNATURE OF SERVER

55 W. Monroe Street, Suite 1700
ADDRESS OF SERVER

Chicago, Illinois 60603

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i) fails to allow reasonable time for compliance;
   (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) If a subpoena
   (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
  (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
  (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
  (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

<u>Leaders Bank Subpoena Rider</u>

All documents and correspondences relating to Joseph A. Beale's property located in Islamorada, Florida, which was to be used as collateral for a loan with Leaders Bank, from January 2005 until the present.

All of Joseph A. Beale's loan applications and underwriting documents relating to any loan in which he intended to use his property located in Islamorada, Florida as collateral from January 2005 until the present.

All documents and correspondences relating to any property owned by Joseph A. Beale he intended to use as collateral for any loan applications with Leaders Bank from January 2005 until the present.

All correspondences between Leaders Bank and Joseph A. Beale from January 2005 until the present.

All loan applications submitted by Joseph A. Beale to Leaders Bank from January 2005 until the present.

All documents relating to REVOLUTION Portfolio, LLC from January 2005 until the present.

# EXHIBIT B

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Northern        DISTRICT OF        Illinois

Joseph S. Beale

V.

Revolution Portfolio, LLC, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-06909

TO: Bruce Schlesinger
JMB Insurance
900 N. Michigan, 15th Floor
Chicago, Illinois 60611

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Rider.

| PLACE  55 West Monroe Street, Suite 1700, Chicago, Illinois 60603 | DATE AND TIME  4/12/2008 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  _/s/_ Attorney for Revolution Portfolio | DATE  3/14/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Garrett Carter   55 W. Monroe Ste 1700  Chicago IL 60603  312-251-9600

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 3/14/2008 | JMB Insurance, 900 N. Michigan, 15th Floor Chicago, IL 60611 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Bruce Schlesinger | Certified Mail, Return Receipt Requested |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Beverly Veuleman | Secretary |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     3/14/2008
                DATE

                    _Beverly Veuleman_
                    SIGNATURE OF SERVER

                    55 W. Monroe Street, Suite 1700
                    ADDRESS OF SERVER

                    Chicago, Illinois 60603

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
 (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
 (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
 (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## Schlesinger Subpoena Rider

All correspondences between you and Joseph A. Beale from January 2005 until the present.

All of Joseph A. Beale's life insurance applications from January 2005 until the present.

All documents between you and all insurance companies relating to Joseph A. Beale's life insurance applications from January 2005 until the present.

All documents relating to REVOLUTION Portfolio, LLC from January 2005 until the present.

All documents relating to the life insurance policy issued by ING, policy number 1620821, including the application for said policy as well as all documents relating to the underwriting of said policy.

All documents and correspondences between you and Stuart Youngentob or any other insurance agent relating to Joseph A. Beale's life insurance applications from January 2005 until the present.

# EXHIBIT C



Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2003 WL 22715826 (N.D.Ill.)  
**(Cite as: Not Reported in F.Supp.2d, 2003 WL 22715826)**

Page 1

**H**Chaikin v. Fidelity and Guaranty Life Ins. Co.
N.D.Ill.,2003.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern Division.
Irwin **CHAIKIN**, Plaintiff,
v.
FIDELITY AND GUARANTY LIFE INSURANCE COMPANY, a Maryland Corporation, Defendant.
**No. 02 C 6596.**

Nov. 17, 2003.

Ronald Hanley Balson, Carrie A. Hall, Gretchen Lee Gradinger, Hill, Gilstrap & Balson, Chicago, IL, for Plaintiff.
Adam J. Glazer, Rakesh Khanna, Schoenberg, Fisher, Newman & Rosenberg, Ltd., Chicago, IL, for Defendant.

MEMORANDUM OPINION AND ORDER

MASON, Magistrate J.
*1 The plaintiff, Irwin Chaikin, has moved to quash defendant Fidelity and Guaranty Life Insurance Company's ("Fidelity") subpoenae to obtain documents from five nonparty entities. Chaikin sued Fidelity for breach of contract and negligent misrepresentation in federal court based on our diversity jurisdiction. Chaikin alleges that Fidelity induced him into purchasing an annuity by misrepresenting the amount of tax-free income the annuity would generate.

Chaikin brought this motion to quash the five nonparty subpoenae arguing that they are overbroad and seek information not relevant to the case. Moreover, Chaikin argues that some of the documents requested in the subpoenae are subject to the accountant-client privilege and are thus not discoverable. For the reasons set forth below we grant in part and deny in part Chaikin's motion to quash the subpoenae.

As an initial matter, Fidelity argues that Chaikin does not have standing to object to four of the five nonparty subpoenae.[FN1] We disagree. A party has standing to object to a subpoena directed at a nonparty when the party claims a "personal right or privilege" regarding the documents sought. *Minnesota School Boards Ass'n Ins. Trust v. Employers Ins. Co. of Wausau,* 183 F.R.D. 627, 629 (N.D.Ill.1999). Each of the subpoenae riders requests Chaikin's individual investment and financial documents. Chaikin invariably has a personal right to some of these documents. *See* 9A Wright & Miller, Federal Practice and Procedure: Civil 2d § 2459, at 41 (1995 ed.). A party's personal right to its bank statements and tax returns has already been established. Therefore, it follows that a party also has a personal right to its individual investment and financial documents and Chaikin has standing to file this motion.

> FN1. Fidelity objects to Chaikin's standing to contest the subpoenae issued to Prudential Securities, Inc., Eppy Financial Group, BISYS Insurance Services and ECA Marketing, Inc. Fidelity does not contest Chaikin's standing to contest Weiss & Company LLP's subpoena.

Because Chaikin has standing, we will now address the motion on its merits. The documents requested in the five nonparty subpoenae can be divided into the following categories: (1) all documents in the possession of the named nonparty entity relating to the valuation, purchase and tax treatment of an annuity from Fidelity for Chaikin; (2) all documents in the possession of the named nonparty entity relating in any way to the valuation, purchase and tax treatment of any other annuity, financial or insurance product evaluated, studied or considered for the benefit of Chaikin; and (3) documents referencing all contacts or communications that the named nonparty entity had with Chaikin.

Both parties agree that the first category of documents are relevant and discoverable. Therefore, each subpoena and rider will stand with regard to all documents relating in any way to the valuation, purchase and tax treatment of an annuity from Fidelity for Chaikin and each subpoenaed nonparty entity is ordered to produce all documents responsive to this request. This document production order is not subject to the accountant-client privilege as Chaikin

Not Reported in F.Supp.2d                                                                                                      Page 2
Not Reported in F.Supp.2d, 2003 WL 22715826 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 2003 WL 22715826)**

alleges because at this time he has failed to provide factual allegations to support the application of the privilege to any specific documents. *See Cok v. Yellow Cab Co., 61 Ill.2d 416, 419-20, 337 N.E.2d 15 (Ill.1975)* (stating in the context of the attorney-client privilege that the "mere assertion that the matter is confidential and privileged will not suffice.").

**\*2** The five nonparty subpoenae will be quashed as to the other two categories of documents because those requests are overbroad and not reasonablely calculated to lead to the discovery of relevant evidence. The only claims at issue in this case are breach of contract and negligent misrepresentation. We do not see how all documents in the possession of the nonparty entities regarding any annuity, financial or insurance product evaluated, studied or considered for Chaikin and every document referencing any contacts or communications with Chaikin are relevant to the instant claims. These requests are overbroad and therefore the subpoenae will be quashed as to these two categories.

For the foregoing reasons Chaikin's motion to quash subpoenae is granted in part and denied in part.

N.D.Ill.,2003.
Chaikin v. Fidelity and Guaranty Life Ins. Co.
Not Reported in F.Supp.2d, 2003 WL 22715826 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Slip Copy  
Slip Copy, 2008 WL 563412 (S.D.Ill.)  
**(Cite as: Slip Copy, 2008 WL 563412)**

Page 1

Moss v. Jones  
S.D.Ill.,2008.  
Only the Westlaw citation is currently available.  
United States District Court,S.D. Illinois.  
Julius D. MOSS, Plaintiff,  
v.  
Bobbie G. JONES, Defendant.  
**Civil No. 07-322-JPG-CJP.**

Feb. 28, 2008.

Brian M. Wendler, Thomas G. Maag, Wendler Law P.C., Edwardsville, IL, for Plaintiff.  
Donald L. O'Keefe, Jr., Rabbitt, Pitzer et al., St. Louis, MO, for Defendant.

### *ORDER*

PROUD, United States Magistrate Judge.

**\*1** The above-captioned action pertains to a motor vehicle accident. Before the Court is defendant Bobbie G. Jones' motion to **quash** the **subpoenas** and notice of records depositions of the custodians of **medical** records for Anderson Hospital and Laughlin Ambulance, relative to records related to defendant Jones "for the date of service." **(Doc. 53).** Defendant Jones asserts that he is the defendant and *his* physical condition is not at issue in this case. Defendant further asserts the request is overly broad and intrusive, particularly since the **subpoena** is not limited in scope or time.

Plaintiff contends defendant's denial of fault in the accident at issue, and claim of comparative fault open the door to discovery of defendant's medical records. **(Doc. 56).** More specifically, plaintiff argues:

> Defendant was charged with improper lane usage, pled guilty to this charge arising from this collision and admits in his deposition he never saw plaintiff's oncoming vehicle. But when defendant deposed the investigating police officer it was established defendant told the officer plaintiff was turning onto Old Troy Road. Defendant's version of the accident has changed and his ability to visualize are very much in issue based on defendant's deposition, the police report and pleadings.
>
> In defendant's deposition and in defendant's discovery answers defendant acknowledged an eye impairment which obscured his vision.

**(Doc. 56, p. 1).** Plaintiff further contends the medical and ambulance records for the date of the accident are needed to explore what statements plaintiff may have made about the accident.

In reply, defendant contends he only revealed an eye condition-macular degeneration-upon questioning by plaintiff; he has never stated his eye condition caused or contributed to the accident. Defendant characterizes the subpoenas as a fishing expedition. **(Doc. 62).**

Federal Rule of Civil Procedure 26(b)(1) permits the discovery of any matter relevant to the subject matter of the pending action, so long as the sought after information is not privileged, even if inadmissible at trial, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. The Supreme Court has interpreted relevance broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

Defendant Jones' eye condition is clearly relevant to an assessment of fault and/or contributory fault for the accident, and any statements made to ambulance or medical personnel about the accident would be similarly relevant. Presumably, the hospital and ambulance company's records only pertain to the date of the accident, but that may not be the case. Therefore, as drafted, the subpoenas are overly broad. Plaintiff should redraft the subpoenas to specify the date(s) of treatment and transport related to the accident.

**\*2** Insofar as the Court has found defendant's eye condition relevant for discovery purposes, the Court strongly suggests the parties confer in an effort to determine whether that information can be conveyed

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2008 WL 563412 (S.D.Ill.)
**(Cite as: Slip Copy, 2008 WL 563412)**

Page 2

without further involving the Court.

**IT IS THEREFORE ORDERED** that defendant's motion to **quash** the **quash** the **subpoenas** and notice of records depositions of the custodians of **medical** records for Anderson Hospital and Laughlin Ambulance **(Doc. 53)** is **GRANTED.** The custodians of records for Anderson Hospital and Laughlin Ambulance need not comply with the **subpoenas** and notices demanding production of records on February 29, 2008.

**IT IS SO ORDERED.**

S.D.Ill.,2008.
Moss v. Jones
Slip Copy, 2008 WL 563412 (S.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.