# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JOSEPH S. BEALE, | ) |
|       Plaintiff, | ) Case No. 07 CV 6909 |
| v. | ) Judge Kocoras |
| REVOLUTION PORTFOLIO, LLC, and SECURITY LIFE OF DENVER INSURANCE COMPANY d/b/a/ ING, | ) Magistrate Judge Valdez |
|       Defendants. | ) |
| REVOLUTION PORTFOLIO, LLC, | ) |
|       Counter-Plaintiff, | ) |
| v. | ) |
| JOSEPH S. BEALE, | ) |
|       Counter-Defendant. | ) |

**MOTION TO STRIKE EVASIVE ANSWERS TO REQUESTS TO ADMIT AND TO DEEM REQUESTS ADMITTED**

Plaintiff Joseph S. Beale ("Beale"), by and through his attorneys, Novack and Macey LLP, pursuant to Rule 36(a)(5) of the Federal Rules of Civil Procedure and LR37.2 of the Local Rules of this Court, hereby moves the Court for the entry of an Order striking the evasive answers of Defendant Revolution Portfolio, LLC ("Revolution") to certain of Beale's First Set of Requests to Admit (the "Requests to Admit") directed to Revolution. In support hereof, Beale states as follows:

1.    On January 30, 2008, Beale propounded the Requests to Admit to Revolution. Revolution served its responses thereto on February 29, 2008. Copies of the Requests to Admit and Revolution's responses are attached hereto as Exhibit A and B, respectively.

## REVOLUTIONS EVASIVE ANSWERS ABOUT EMAILS

2.　　Requests to Admit numbers 2 through 12, 16 and 17 all ask Revolution to admit the genuineness of certain email communications that directly involve Beale and his counsel, on the one hand, and Revolution and its counsel, on the other hand. The emails were produced by Beale to Revolution with the Requests to Admit. Copies of the referenced emails are attached hereto collectively as Exhibit C.

3.　　In its response, Revolution claimed that it could not admit or deny the Requests to Admit because the copies produced to Revolution were printed versions of the emails, and Revolution denied that it received a paper copy of the emails. (E.g., Ex. B, p. 1, Response 2.)

4.　　The purpose of a Request to Admit genuineness is to avoid needless disputes over the foundation of documents when it is sought to be introduced at trial, in order to save the parties -- and the Courts' -- time and resources. E.g., Oakley v. McCabe, No. 06-4073, 2007 WL 2752175 at *1 (S.D. Ill., Sept. 21, 2007) (a copy of this decision is attached hereto as Exhibit D). Revolution is frustrating that purpose by refusing to admit the genuineness of printed copies of emails that it concedes it sent or received (or that were sent or received by its counsel). The only purpose served by this tactic is to make trial more time-consuming and difficult.

5.　　Accordingly, the Court should enter an order deeming Requests to Admit numbers 2 through 12, 16 and 17.

## REVOLUTION'S REFUSAL TO ADMIT
## THE APPLICATION OF LAW TO FACT

6.　　Beale's claims against Revolution, and Revolution's counterclaim against Beale, are based upon a certain settlement agreement (the "Settlement Agreement"), and an amendment thereto (the "Amendment").

7. Requests to Admit numbers 20 through 23 ask Revolution to admit that the Settlement Agreement and the Amendment were valid, binding and enforceable agreements on the dates that they were executed by Revolution and now.

8. Revolution failed to respond to these Requests to Admit, claiming that they seek Revolution to admit legal conclusions. Not so.

9. While requests to admit may not require admission of general legal principals, such as the abstract elements of a claim (a so-called "legal conclusion"), Rule 36(a) expressly permits a party to request admissions of "the application of law to fact." Fed. R. Civ. P. 36(a).

10. This is precisely what Requests to Admit numbers 20 through 23 seek. They ask Revolution to admit that the specific agreements at issue -- the Settlement Agreement and the Amendment -- are valid and binding agreements. Yet Revolution refuses to respond.

11. Because Revolution will not answer these Requests to Admit, the Court should enter an Order deeming Requests to Admit 20 through 23 as admitted -- particularly given the fact that Revolution is itself suing upon the Settlement Agreement and Amendment.

**REVOLUTION'S EVASIVE ANSWER
ABOUT ITS AGREEMENT WITH BEALE**

12. As alleged in the Complaint, Beale preferred to make a certain payment to Revolution out of the proceeds of a loan (the "Beale Loan").

13. Request to Admit number 36 asks Revolution to admit that "Revolution agreed that Beale could make the $115,000 payment required by Paragraph 2(i) of the Amendment with the proceeds of the Beale Loan." (Ex. A, p. 7, Request 36.)

14. In its response, Revolution "admits that Beale could have made the $115,000 payment with the proceeds of the 'Beale Loan.'" (Ex. B, p. 8, Response 36.) Revolution did not, however, admit or deny whether Revolution "agreed" that Beale could do so. (Id.)

15. In subsequent communications, Revolution's counsel claims that it cannot admit or deny that request, because it was not apprised of the terms of the Beale Loan. This is nonsense.

16. The terms of the Beale Loan are irrelevant. What matters is that Revolution agreed that Beale could make the payment with the proceeds of the Beale Loan. Indeed, Revolution provided wire transfer instructions to the closing agent for the Beale Loan, and was in repeated contact (through its counsel) with the closing agent to arrange for the payment.

17. Beale requested that Revolution admit this fact to avoid having to waste time on discovery and trial establishing this fact. Revolution knows that it cannot deny the fact, but to create artificial disputes and prolong this litigation, Revolution provided an evasive answer, and when confronted with that fact, now claims that it cannot admit or deny the Request to Admit.

18. Because Revolution provided an evasive answer, which it refuses to correct, the Court should enter an Order deeming Request to Admit number 36 admitted.

**REVOLUTION'S IMPROPER CLAIMS OF PRIVILEGE**

19. As alleged in the Complaint, immediately after Revolution refused to preform under the parties agreements, it filed execution proceedings in Florida against Beale. The timing of the filing, coming so quickly on the heels of what was supposed to be a settlement to resolve the parties' disputes, demonstrates that Revolution was working on the execution pleadings while it was still pretending that it would proceed with settlement.

20. Accordingly, Requests to Admit numbers 67 through 69 and 71 ask Revolution to admit that its counsel began working on the pleadings filed in the execution proceeding before

certain key dates -- June 28, 2007, June 29, 2007 and July 2, 2007.  (Ex. A, p. 10, Requests 67, 68, 69 and 71.)

21. Revolution refused to answer these requests on the grounds that the request "violates the attorney-client privilege and the work product doctrine." (Ex. B, pp. 13-14, Responses 67, 68, 69 and 70.)  of privilege.  Not so.

22. These Requests to Admit do not seek the disclosure of the contents of any attorney-client communications.  At most, they seek the date and subject matter of an attorney-client communications -- the very same information that is <u>required to be disclosed</u> to support a claim of privilege pursuant to Rule 26(b)(5)(A).

23. Likewise, the requested information is not work product.  The drafts themselves may be work product, as they were prepared for litigation, but the dates of the drafts are not privileged. Again, such information is <u>required to be disclosed</u> to support a claim of privilege pursuant to Rule 26(b)(5)(A).

24. Indeed, in order to support its claim of privilege, Revolution <u>must</u> provide the information required by Rule 26(b)(5)(A) -- which actually encompasses more information that the limited scope of the admission sought by the Requests to Admit.  In any event, Revolution was required to either answer the Request to Admit, or provide the justification for its claim of privilege, which will result in disclosure of the same information.

25. Because Revolution has done neither, the Court should enter an Order deeming Requests to Admit 67 through 69 and 71 admitted.

## LR37.2 STATEMENT

26. Counsel for Beale, Richard G. Douglass ("Douglass"), and counsel for Revolution, Garrett C. Carter ("Carter") conferred via telephone in an attempt to resolve these issues on April

2, 2008. Additionally, Douglass and Carter exchanged written correspondence on March 11, 2008, April 4, 2008 and April 9, 2008. After these consultations by telephone and good faith attempts to resolve the differences described herein, the parties are unable to reach an accord.

WHEREFORE, for the foregoing reasons, Plaintiff Joseph S. Beale respectfully requests that the Court enter an Order as follows:

A. Deeming Requests to Admit 2 - 12, 16, 17, 20 - 23, 36, 67 - 69 and 71 admitted; and

B. Granting Beale such other and further relief as is appropriate.

Respectfully submitted,

JOSEPH S. BEALE

By:    /s/ Monte L. Mann
       One of His Attorneys

Monte L. Mann
Richard G. Douglass
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606
(312) 419-6900
Firm No. 91731
Doc. #: 215235

## CERTIFICATE OF SERVICE

Monte L. Mann, an attorney, hereby certifies that, on April 21, 2008, he caused a true and correct copy of the foregoing *Motion to Strike Evasive Answers to Requests to Admit and To Deem Requests Admitted* to be filed electronically with the Court's CM/ECF system, and that notice of this filing was sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to receive electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ Monte L. Mann
Monte L. Mann