UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH S. BEALE, ) | |
| ) | Case No. 07 CV 6909 |
| Plaintiff, ) | |
| ) | Judge Kocoras |
| v. ) | |
| ) | Magistrate Judge Valdez |
| REVOLUTION PORTFOLIO, LLC, and ) | |
| SECURITY LIFE OF DENVER ) | |
| INSURANCE COMPANY d/b/a/ ING, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| REVOLUTION PORTFOLIO, LLC, ) | |
| ) | |
| Counter-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JOSEPH S. BEALE, ) | |
| ) | |
| Counter-Defendant. ) | |

## MOTION TO COMPEL

Plaintiff Joseph S. Beale ("Beale"), by and through his attorneys, Novack and Macey LLP, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and LR37.2 of the Local Rules of this Court, hereby moves the Court for the entry of an Order compelling Defendant Revolution Portfolio, LLC ("Revolution") to supplement its response to Beale's interrogatories as agreed and to provide a privilege log as agreed or produce the documents being withheld from production. In support hereof, Beale states as follows:

1. On January 30, 2008, Beale propounded his First Interrogatories to Revolution (the "Interrogatories"). A copy of the Interrogatories is attached hereto as Exhibit A.

2. On February 29, 2008, Revolution provided its written responses to the Interrogatories. A copy of Revolution's response to the Interrogatories is attached hereto as Exhibit B. The response, however, was unverified and deficient, as described below.

3. Interrogatory number 4 asks Revolution to state the date of and describe each alleged breach by Beale of the "Settlement Agreement" and/or the "Amendment" (as those terms are defined in the Interrogatories), and to identify the provision Revolution contends was breached and how Beale allegedly breached it. Although Revolution identified some specific alleged breaches, it included in its answer the following vague statement:

> Beale breached Paragraph 2(b)(ii), 2(b)(iii) subparagraphs 1-7, 2(b)(vi), 2(b)(vii) and 2(b)(viii) of the Settlement Agreement by not complying with the Agreement.

(Ex. B, p.3.)

4. This answer does not provide the requested information. Indeed, during a telephone conference to address discovery disputes held on April 2, 2008, counsel for Revolution, Garrett C. Carter ("Carter"), told counsel for Beale, Richard G. Douglass ("Douglass"), that Revolution would provide a supplemental response to Interrogatory number 4 to cure this defect.

5. Nevertheless, more than 2 weeks later, no supplemental response has been provided. As a result, Beale still does not know on what grounds Revolution contends that Beale breached the Settlement Agreement, which prejudices his ability to proceed with further discovery efforts. Accordingly, the Court should compel Revolution to provide a supplemental response to Interrogatory number 4.

6. Additionally, Revolution failed to verify its responses to the Interrogatories, as required by Rule 33. During a separate telephone call, held on or about April 4, 2008, Carter told Douglass that Revolution would cure this defect by providing a verification. Unfortunately, it still has not done so. Accordingly, the Court should compel Revolution to provide a verification of its responses to Beale's Interrogatories.

## LR37.2 STATEMENT

7. Douglass and Carter conferred via telephone in an attempt to resolve these issues on April 2, 2008 and on or about April 4, 2008. Additionally, Douglass and Carter exchanged written correspondence on March 11, 2008, April 4, 2008 and April 9, 2008. After these consultations by telephone and good faith attempts to resolve the differences described herein, the parties are unable to reach an accord.

WHEREFORE, for the foregoing reasons, Plaintiff Joseph S. Beale respectfully requests that the Court enter an Order as follows:

    A. Compelling Revolution to provide a supplemental response to Interrogatory number 4 identifying and describing all alleged breaches of the Settlement Agreement by Beale;

    B. Compelling Revolution to provide a verification for its responses to Beale's Interrogatories; and

    C. Granting Beale such other and further relief as is appropriate.

                        Respectfully submitted,

                        JOSEPH S. BEALE

                        By:   /s/ Monte L. Mann
                                One of His Attorneys

Monte L. Mann
Richard G. Douglass
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606
(312) 419-6900
Firm No. 91731

Doc. #: 214793

**CERTIFICATE OF SERVICE**

      Monte L. Mann, an attorney, hereby certifies that, on April 21, 2008, he caused a true and correct copy of the foregoing ***Motion to Compel*** to be filed electronically with the Court's CM/ECF system, and that notice of this filing was sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to receive electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                                   /s/ Monte L. Mann
                                                      Monte L. Mann