UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH S. BEALE, ) | |
| ) | Case No. 07 CV 6909 |
| Plaintiff, ) | |
| ) | Judge Kocoras |
| v. ) | |
| ) | Magistrate Judge Valdez |
| REVOLUTION PORTFOLIO, LLC, and ) | |
| SECURITY LIFE OF DENVER ) | |
| INSURANCE COMPANY d/b/a/ ING, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| REVOLUTION PORTFOLIO, LLC, ) | |
| ) | |
| Counter-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JOSEPH S. BEALE, ) | |
| ) | |
| Counter-Defendant. ) | |

## MOTION TO EXTEND FACT-DISCOVERY DEADLINE

Plaintiff Joseph S. Beale ("Beale"), by and through his attorneys, Novack and Macey LLP, hereby moves the Court for the entry of an Order extending the fact-discovery deadline in this matter from May 30, 2008 to July 18, 2008. In support hereof, Beale states as follows:

1. On January 30, 2008, Beale propounded written discovery requests to Defendant Revolution Portfolio, LLC ("Revolution"). Revolution provided written responses on February 29 and March 4, 2008.

2. Since then, the parties have engaged in attempts to resolve several discovery disputes. Unfortunately, those efforts have been largely unsuccessful, as explained in detail in

Beale's Motion to Compel, Motion to Quash Subpoenas, Motion for Protective Order and Motion to Deem Requests to Admit Admitted, all of which are being filed contemporaneously herewith.

3. Additionally, despite that Revolution was originally required to produce documents on February 28, 2008, it produced the vast majority of its documents more than a month late -- on April 9, 2008. Further, on April 21, 208, Revolution produced additional documents, and provided a privilege log to Beale, which indicates that Revolution is withholding approximately 2,000 pages of documents on the grounds of privilege. Because the privilege log does not provide sufficient information to adequately support the claims of privilege, Beale anticipates that Revolution will be required to produce at lease one more round of documents.

4. Presently, the cut-off for fact discovery is May 30, 2008. That gives the parties only six weeks to resolve the four discovery motions, complete document production, review the documents, prepare for depositions, and conduct depositions.

5. Beale anticipates that he will need to take the individual depositions of two members of Revolution, Revolution's counsel involved in the drafting and performance of the agreements at issue, at least one third-party, and Rule 30(b)(6) depositions of Revolution and Defendant Security Life of Denver Insurance Company d/b/a ING ("Security Life").

6. Additionally, lead counsel for Beale, Monte L. Mann ("Mann") is presently engaged in a trial in the Circuit Court of Cook County, Illinois, Chancery Division, which started on April 16, 2008, and which is scheduled to continue through May 7, 2008. Mann is the attorney who will be taking most of the depositions required by Beale in this matter.

7.      By reason of the foregoing, despite the best efforts of counsel, Beale's counsel does not believe that it is reasonably possible to complete fact-discovery in this matter until July 18, 2008.

WHEREFORE, for the foregoing reasons, Plaintiff Joseph S. Beale respectfully requests that the Court enter an Order extending the fact-discovery cut-off to July 18, 2008, and awarding him such other and further relief as is appropriate.

Respectfully submitted,

JOSEPH S. BEALE


By:  /s/ Monte L. Mann
      One of His Attorneys

Monte L. Mann
Richard G. Douglass
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606
(312) 419-6900
Firm No. 91731
Doc. #: 215256

**CERTIFICATE OF SERVICE**

     Monte L. Mann, an attorney, hereby certifies that, on April 21, 2008, he caused a true and correct copy of the foregoing *Motion to Extend Fact-Discovery Deadline* to be filed electronically with the Court's CM/ECF system, and that notice of this filing was sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to receive electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                                          /s/ Monte L. Mann
                                                              Monte L. Mann