UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH S. BEALE,<br><br>　　　　PLAINTIFF<br><br>v.<br><br>REVOLUTION PORTFOLIO, LLC; and<br>SECURITY LIFE OF DENVER<br>INSURANCE COMPANY,<br><br>　　　　DEFENDANTS. | CASE NO. 07-06909<br><br>JUDGE Kocoras<br>MAGISTRATE Judge Valdez |

**DEFENDANT REVOLUTION PORTFOLIO, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

Defendant REVOLUTION Portfolio, LLC ("REVOLUTION"), through its attorneys, Connelly Roberts & McGivney LLC, for its Response to Plaintiff Joseph Beale's ("Beale") Motion For Entry Of Protective Order, states:

**I. INTRODUCTION**

1. This matter involves Beale's repeated breaches of the Settlement Agreement executed on December 12, 2005, and amended on June 28, 2007.

2. Beale is currently a debtor in a bankruptcy proceeding pending in the Northern District of Illinois, case no. 04-BK-8748 (the "Bankruptcy Litigation"). The purpose of the Settlement Agreement was to resolve REVOLUTION'S claims against Beale in the Bankruptcy Litigation.

3. Beale now moves for the entry of a protective order in which he seeks that certain health, financial and other information that may be used to his competitive disadvantage be designated "confidential." Such information could only be used for purposes of this litigation.

1

4.	REVOLUTION agrees to the majority of the terms of the proposed protective order, but objects to Beale producing his financial information pursuant to the protective order. Beale has not established good cause for producing such documents under the protective order. Additionally, REVOLUTION would be restricted from using his financial information obtained in this case in the Bankruptcy Litigation.

5.	REVOLUTION also objects to Beale's contention that REVOLUTION, the non-designating party, should be responsible for contesting the designation of "confidential" on any given document. Beale, the designating party, should bear such a burden.

## II.	ARGUMENT

### A. Beale's Personal Financial Information Should not be Produced Under a Protective Order.

6.	A party wishing to obtain an order of protection over discovery material must demonstrate that "good cause" exists for such an order. Fed.R.Civ.P. 26(c); *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3rd Cir. 1994). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking disclosure." *Id*. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Id.*

7.	Although personally identifiable financial information *may* be the proper subject of a protective order (*Wilson v. Wilson,* No. 89-C-9620, 1991 WL 152909 at *3 (N.D.Ill., Aug 2., 1991), such information is not *automatically* deemed the subject of a protective order. The proponent of the protective order still must demonstrate "good cause."

8.	Here, Beale has not established why his financial information should be subject to a protective order. Beale has not alleged that he would suffer a specific serious injury should the documents be produced without a protective order. Instead, he has made only the broad

allegations that "Revolution does not want to use Beale's personal financial information in this litigation." Such general allegations do not satisfy the "good cause" requirement. Nevertheless, Beale's Complaint acknowledges that he did not make all of the payments required under the Settlement Agreement and also refers to how he "preferred" to make certain payments. Hence, Beale's financial information will certainly be utilized in this litigation.

9. Furthermore, REVOLUTION should not be prohibited from using the discovery obtained in this litigation in the Bankruptcy Litigation. Courts "strongly favor access to discovery materials to meet needs of parties engaged in collateral litigation." *Foltz v. State Farm Mut. Auto. Ins. Co*, 331 F.3d 1122 (9th Cir. 2003). "Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding wasteful duplication." *Id.*

10. In *Wilk v. American Medical Association*, 635 F.2d 1295 (7th Cir. 1980), the State of New York moved to intervene into a pending lawsuit for the limited purpose of modifying the protective order so that it could use the discovery produced by the defendants in a collateral matter. *Id*. The intervener's motion to modify the protective order was initially denied, but the ruling was reversed on appeal. The Seventh Circuit reasoned that discovery "in aid of collateral litigation on similar issues…materially eases the tasks of courts and litigants and speeds up what may otherwise be a lengthy process." *Id*. at 1299.

11. Although *Wilk* involved the modification of an existing protective order, the reasoning is applicable to the matter at hand. To the extent Beale produces financial information that may have an impact on the administration of the Bankruptcy Litigation -- which remains open and active – REVOLUTION cannot be prevented by a protective order from sharing that information with the Bankruptcy Court and/or Beale's Bankruptcy Trustee.

12. With respect to Beale's allegation that REVOLUTION is attempting to use "discovery in this case to learn about Beale's assets in general to aid in collection efforts, despite it not having yet obtained judgment," Beale must have overlooked the fact that REVOLUTION already has a judgment against him entered by the Circuit Court of the First Judicial Circuit of Florida which is at issue in this matter as well as in the Bankruptcy Litigation.

### B. The Burden is Beale's to Justify the Confidentiality of Each Document Sought to be Covered by the Protective Order.

13. As explained above, Beale has the burden of establishing "good cause" exists for the order of protection. Fed.R.Civ.P. 26(c). Hence, it should also be Beale's burden to justify the confidentiality of the documents. (*See Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1222 (3rd Cir.1986) ("the burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the protective order").

14. Beale contends that REVOLUTION, and not Beale -- the designating party of a confidential document -- should be required to challenge the designation of a particular document. However, Beale cites no authority for this proposition.

15. Instead, Beale attempts to make the argument that requiring Beale to file a motion to determine the validity of a confidential designation will somehow "increase the total number of disputed designations that the Court would be required to resolve." This argument is without merit. The number of challenges as well as the number of motions pertaining to those challenges will not suddenly increase or decrease depending on which party bears the burden of moving the court for a determination on the designation.

16. REVOLUTION should not bear the responsibility of moving this court for a determination on the validity of a designation. Beale is the party seeking the protective order

and is also the one designating the information confidential. Should a dispute arise, it should also be Beale's burden to move the court to determine the validity of the designation.

### III. CONCLUSION

WHEREFORE, REVOLUTION Portfolio, LLC, respectfully requests this Court enter an order denying Joseph Beale's Motion for Protective Order and for any other relief this Court deems just and proper.

Dated: May 13, 2008

Respectfully Submitted,

REVOLUTION PORTFOLIO, LLC

By: /s/ *Matthew P. Connelly*
    One of its attorneys

Matthew P. Connelly
ARDC No. 6229052
Connelly Roberts & McGivney LLC
55 W. Monroe St., Ste. 1700
Chicago, IL 60603
(312) 251-9600 Telephone
(312) 251-9601 Facsimile

Christopher B. Lega
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts
(617) 523-9000 Telephone
(617) 880-3456 Facsimile

## **CERTIFICATE OF SERVICE**

The undersigned hereby certify that on May 13, 2008, a true copy of the foregoing document was served upon the attorney of record for each other party via the ECF Filing System.

By: /s/ *Matthew P. Connelly*