**NOVACK AND MACEY LLP**

ATTORNEYS AT LAW
100 NORTH RIVERSIDE PLAZA
CHICAGO, ILLINOIS 60606-1501
WWW.NOVACKANDMACEY.COM

TELEPHONE: (312) 419-6900
FACSIMILE: (312) 419-6928

RICHARD G. DOUGLASS
writer's email: rdouglass@novackandmacey.com

March 26, 2008

**VIA FACSIMILE AND U.S. MAIL**
Matthew P. Connelly
Garrett C. Carter
Connelly, Roberts & McGivney LLC
55 W. Monroe Street, Suite 1700
Chicago, Illinois 60603

Re:   **Joseph S. Beale v. Revolution Portfolio, LLC, et al.**
      Case No. 07 CV 6909

Gentlemen:

We received the Subpoenas issued in connection with the above-referenced action by Revolution Portfolio, LLC ("Revolution") to insurance agent Bruce Schlesinger ("Schlesinger") and The Leaders Bank (the "Bank") (the "Subpoenas"). We have a few concerns about the Subpoenas, which we want to address with you prior to any production thereunder. I attempted to reach you both by telephone today, but had to leave voice mails. Accordingly, I am sending this letter to outline our concerns so that we can meet and confer to resolve them.

First, the parties have agreed in principal that no personal health or financial information concerning Plaintiff should be produced in this matter before the entry of a protective order. Accordingly, we circulated a draft protective order on March 17, 2008. In Court yesterday, Mr. Connelly told us that Revolution would be providing comments to the draft yesterday, but we have yet to receive anything. Regardless, we expect that this issue will be resolved shortly.

Second, both of the Subpoenas are overbroad. Among other things, they ask for all sorts of documents concerning Plaintiff's relationship with : (a) Schlesinger; and (b) the Bank over the last three-plus years, regardless of whether those documents relate to Revolution or to any issue in dispute in this case. Accordingly, we believe that the parties need to discuss some reasonable limitations on the documents requested by the Subpoenas.

NOVACK AND MACEY LLP

Matthew P. Connelly
Garrett C. Carter
March 26, 2008
Page 2

Third, we believe that some of the requested documents in Schlesinger's possession may be privileged, particularly to the extent that Schlesinger was working with Plaintiff's counsel in connection with Plaintiff's performance under the subject agreements. Thus, we would like to arrange for a privilege review of the documents before they are produced.

Fourth, we have learned that, in addition to these Subpoenas, Revolution is seeking to conduct depositions in connection with the Florida Proceedings, despite Beale's pending motions to dismiss or stay those proceedings. While we expect that Allison Friedman, Beale's counsel in that action, will have some concerns of her own (which we will let her address), we do not think it makes sense for the parties to be conducting two separate courses of discovery with two separate sets of counsel. Instead, the parties should focus their attention here, where the Court is considering the totality of the parties' obligations to one another. Therefore, we request that the notices of deposition that Revolution issued in Florida be withdrawn.

Please let me know if you have any availability this week to meet and confer regarding these matters. Until these issues are resolved, we ask that you agree that the Subpoena respondents not be required to produce any documents. Please confirm that you are amenable to providing that instruction to Schlesinger and the Bank without first requiring us to file a motion to quash. Thank you.

Sincerely,

Richard G. Douglass

RGD:nlt

Copy: Monte Mann
      Allison L. Friedman (via facsimile)
      Thomas B. Keegan (via facsimile)
      Bruce Schlesinger (via facsimile)
      Christian A. Peterson (via facsimile)