UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH S. BEALE, ) | |
| ) | Case No. 07 CV 6909 |
| Plaintiff, ) | |
| ) | Judge Kocoras |
| v. ) | |
| ) | Magistrate Judge Valdez |
| REVOLUTION PORTFOLIO, LLC, and ) | |
| SECURITY LIFE OF DENVER ) | |
| INSURANCE COMPANY d/b/a/ ING, ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| REVOLUTION PORTFOLIO, LLC, ) | |
| ) | |
| Counter-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JOSEPH S. BEALE, ) | |
| ) | |
| Counter-Defendant. ) | |

**COUNTER-DEFENDANT'S FIRST AMENDED AFFIRMATIVE
DEFENSES TO REVOLUTION PORTFOLIO, LLC'S COUNTERCLAIM**

Plaintiff Joseph S. Beale ("Beale"), by and through his attorneys, Novack and Macey, LLP, as and for his First Amended Affirmative Defenses to Defendant Revolution Portfolio, LLC's ("Revolution's") Counterclaim, states as follows:

**AFFIRMATIVE DEFENSES**

1. Revolution' Counterclaim fails to state a claim upon which relief may be granted.

2. Revolution's Counterclaim is barred by the doctrine of accord and satisfaction.

3. Revolution's Counterclaim is barred by the doctrine of estoppel in that, among other things, Revolution caused any breaches by Beale and because Revolution, in word and deed, acted

inconsistently with its present course of action in claiming a default by Beale, and Beale relied upon such conduct to his detriment.

4.	Revolution's Counterclaim is barred by failure of consideration.

5.	Revolution's Counterclaim is barred by Revolution's fraudulent inducement of Beale to enter into the First Amendment. Specifically, in May and June of 2007, in both e-mails and telephone calls, Revolution, through its counsel, Jeffrey Ganz, represented to Beale and his counsel, Scott Clar, that Revolution would issue general releases to Beale in exchange for Beale's performance under the First Amendment. In fact, when these representations were made, Revolution and its counsel knew that such statements were false in that Revolution never intended to provide any releases to Beale. Instead, Revolution actually intended to set tight deadlines for Beale's performance, then interfere with Beale's performance so that Revolution could claim that Beale was in default, and not issue any releases. Through this fraudulent scheme, Revolution hoped to -- and has -- obtained from Beale, among other things, over $400,000 in cash and a $1,250,000 life insurance policy on Beale's life, for which Revolution has given nothing to Beale. Beale further incorporates herein the allegations in paragraph 17-42 of the Complaint, which further describe Revolution's fraudulent scheme.

6.	Revolution's Counterclaim is barred by the doctrine of laches, particularly to the extent that Revolution is seeking to collect on a judgment issued more than 15 years ago.

7.	Revolution's Counterclaim is barred by the fact that, in connection with the Bankruptcy Case or otherwise, Revolution has already received -- or will receive -- full or partial payment of the claims it is attempting to assert.

8.	Revolution's Counterclaim is barred by its release of its claims.

9. Revolution's Counterclaim is barred by Revolution's waiver of the events of default that are asserted as the basis of its Counterclaim.

10. Revolution's Counterclaim is barred by the doctrine of mend the hold.

11. Revolution's Counterclaim is barred by Revolution's prior material breaches of the Original Agreement and the First Amendment.

12. Revolution's Counterclaim is barred by the failure of Revolution to perform all conditions precedent to Beale's obligations to perform pursuant to the Original Agreement and the First Amendment, including, without limitation, the following: (a) Revolution did not deliver the general release required pursuant to the Original Agreement; (b) Revolution intentionally obstructed Beale's performance of his obligations under the First Amendment; (c) Revolution intentionally delayed making payments to Defendant Security Life of Denver Company d/b/a ING ("ING") as required by the First Amendment; (d) Revolution did not deliver its release of lien on certain real property in Florida (the "Florida Release") to its or Beale's escrow agents; (e) Revolution did not deliver the general release required pursuant to the First Amendment; (f) Revolution did not provide notice to Beale or his attorney of Revolution's intention not to deliver the Florida Release or the general releases.

13. Revolution's Counterclaim is barred by its unclean hands.

14. Revolution's Counterclaim is barred by novation.

15. Revolution's Counterclaim for special damages is barred due to Revolution's failure to allege its special damages with specificity.

16. Revolution's Counterclaim is barred because the damages claimed by Revolution were caused by persons over whom Beale had and has no control.

17. Revolution's Counterclaim is barred by Revolution's settlement of its claims against Beale.

18. Revolution's Counterclaim is barred because it would constitute an unconscionable forfeiture.

19. Revolution's Counterclaim is barred because the breaches of the Original Agreement and the First Amendment by Beale that are alleged by Revolution were not material.

20. Revolution's Counterclaim is barred because the breaches of the Original Agreement and the First Amendment by Beale that are alleged by Revolution were not of any pecuniary importance.

WHEREFORE, Beale respectfully requests the entry of Judgment in his favor and against Revolution on Revolution's Counterclaim, awarding Beale his costs of suit and awarding Beale such other and further relief as is appropriate.

Respectfully submitted,
JOSEPH S. BEALE

By: /s/ Monte L. Mann
One of His Attorneys

Monte L. Mann
Richard G. Douglass
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606
(312) 419-6900
Firm No. 91731
Doc. #: 214697

**CERTIFICATE OF SERVICE**

Monte L. Mann, an attorney, hereby certifies that, on May 20, 2008, he caused a true and correct copy of the foregoing ***Counter-Defendant's First Amended Affirmative Defenses To Revolution Portfolio LLC's Counterclaim*** to be filed electronically with the Court's CM/ECF system, and that notice of this filing was sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to receive electronic filings as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Monte L. Mann
　　　　　　　　　　　　　　　　　　　　　　　　Monte L. Mann