# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | Maria Valdez |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6909 | **DATE** | 7/2/2008 |
| **CASE TITLE** | Beale vs. Revolution Portfolio, LLC et al | | |

**DOCKET ENTRY TEXT**

The Court finds that the parties have not shown good cause to seal all of the information sought to be protected by the Agreed Protective Order. The parties are directed to submit an amended Agreed Protective Order, consistent with this order and the cases cited herein, no later than 10 days after the date this order is entered.

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

This matter is before the Court on Defendant's Motion to Enter Protective Order. Litigation, even of cases involving trade secrets and other confidential information, has historically been open to the public. *See Jessup v. Luther*, 277 F.3d 926, 927-28 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000). Courts should therefore secrete generally public information only if good cause is shown. *Jessup*, 277 F.3d at 929; *Union Oil*, 220 F.3d at 568; *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999); *In re Krynicki*, 983 F.2d 74, 76-77 (7th Cir. 1992). In this case, the Court finds that the parties have not shown good cause to seal all of the information sought to be protected by the Agreed Protective Order.

First, the Protective Order fails to define what information may be designated as "Confidential." *See Citizens*, 178 F.3d at 945-46; *In re Krynicki*, 983 F.2d at 77-78. Paragraph 2 allows the producing party to designate any material "Confidential" it considers in good faith to be confidential. The term "good faith" is too broad for the Court to make a determination of good cause to seal the documents at issue. The protective order should describe *specific* categories of confidential information sought to be protected. Moreover, the parties should specify that entire documents should not be secreted if the confidential information can be redacted.

Second, Paragraph 10 of the Protective Order must stipulate that entire pleadings must not be filed under seal. *Union Oil*, 220 F.3d at 568.

Third, the Protective Order is defective to the extent that it is not limited to pretrial discovery and apparently is intended to protect the documents at issue even after they are introduced at trial. *See Citizens*, 178 F.3d at 945; *In re Krynicki*, 983 F.2d at 75.

Fourth, Paragraph 6 of the Protective Order should explicitly state that either a party *or* an interested member of the public may challenge the confidential designation. *See Citizens*, 178 F.3d at 946.

**STATEMENT**

The parties are directed to submit an amended Agreed Protective Order, consistent with this order and the cases cited herein, no later than 10 days after the date this order is entered.