## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | Maria Valdez |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6909 | **DATE** | 7/3/2008 |
| **CASE TITLE** | Beale vs. Revolution Portfolio, LLC et al | | |

**DOCKET ENTRY TEXT**

For all of the foregoing reasons, Plaintiff's Motion to Strike Evasive Answers to Requests to Admit and to Deem Requests Admitted [28] is granted in part and denied in part. Requests to Admit 2 through 12, 16 and 17 are deemed admitted. The responses to Requests 20 through 23, 36, 67 through 69 and 71 are sufficient.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Plaintiff's Motion to Strike Evasive Answers to Requests to Admit and to Deem Requests Admitted [Doc. 28]. In this breach of contract action, the Plaintiff served Defendant with 97 Requests to Admit. Defendant responded and Plaintiff now raises objections to 22 of the responses. Plaintiff requests that the matters not appropriately responded to be deemed admitted.

Rule 36 requires that if objections to the request to admit are made, "the reasons therefor shall be stated." Fed.R.Civ.P. 36(a). If the court determines that an objection is improper, the court must order that the request be answered. If the court determines that an answer does not comply with Rule 36 the court may order that the matter is admitted or that the answer must be amended. Fed.R.Civ.P. 36(a)(6).

Requests to Admit 2 through 12, 16 and 17 ask Defendant to authenticate certain e-mail documents. Defendant responded that they could not admit or deny whether the e-mails were "genuine" because they did not ever receive the printed versions of the e-mails identified in the requests. Defendant's qualified responses do not satisfy Rule 36(a). Under Rule 36(a) "[a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." Fed.R.Civ.P. 36(a). Nowhere in its response is any information as to whether Defendant undertook a reasonable investigation to determine whether the e-mails were authentic. Yet, in its Response to the present motion, Defendant acknowledges that it received the e-mails in question in electronic format. A reasonable investigation would include a comparison of the electronic version (if still available) with the paper version of the e-mails. Whether this was done and proved unsuccessful is not stated. As such, Defendant's responses to these requests do not conform with Rule 36. Requests to Admit 2 through 12, 16 and 17 will be deemed admitted.

**STATEMENT**

Requests numbers 20 through 23 ask Defendant to admit that the underlying Settlement Agreement and First Amendment to the Settlement Agreement are valid, binding and enforceable. Defendant responded that the requests were improper claiming Plaintiff sought to have them admit to legal conclusions. Plaintiff argues that the requests are proper under Rule 36(a) permitting requests calling for the application of law to the facts of the case. If the requests do call for the application of law to fact then they would be permissible, but they do not. Requests 20 through 23 seek a legal conclusion. A proper request would include asking whether a party admits that it received, reviewed and/or signed the document at issue. Posing the Request to Admit as a statement that a contract existed between the parties is a legal conclusion. As such Defendant's objection stands.

Request to Admit 36 asks Defendant to admit the it "agreed Beale could make the $115,000 payment required by Paragraph 2(I) of the Amendment with the proceeds of the Beale Loan." Defendant responded with a qualified admission that pointing out that it "admits that Beale could have made the $115,000 payment with proceeds from the 'Beale Loan' but could not admit or deny whether the 'Beale Loan' was the only way [the Plaintiff] could have made the $115,00 payment."

Plaintiff complains that this response does not admit or deny that Defendant "agreed" that Beale could do so. The purpose of Rule 36 is to allow parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree. *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir.1987). Thus, a request for admission should be simple, direct, and drafted in a way that it can be answered plainly with a yes, no, do not know or a short explanation as to why it cannot be answered. *Vergara v. City of Waukegan*, No. 04 C 6586, 2007 WL 3334501 at *1 (N.D. Ill. Nov. 06, 2007) (citations omitted).

Request 36 is not simple or direct. If the focus of the request was to have the Defendant admit that Beale *could* (the word used by the Plaintiff) have made payment with the proceeds of the loan than the response does just that -- Defendant admits that the payment could have come from the loan. In so conceding, Defendant qualifies the response by stating that it could not admit or deny whether it was the only way to satisfy payment. This is a reasonable qualification of an admission. Rule 36 provides that "when good faith requires that a party qualify an answer or deny only part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." Fed.R.Civ.P. 36(a). This is exactly what Defendants have done in answering Plaintiff's Request to Admit 36. The court finds nothing improper about this manner of qualification.

Finally, Requests 67 through 69, and 71 asked Defendant to admit that its counsel began working on legal pleadings filed in the Florida execution proceedings prior to the alleged breach that gives rise to the current case. Defendant objected to these requests by invoking the attorney-client privilege and work-product doctrine. Plaintiff responds that he is not seeking the substance of the communication or work-product but the date of such communication or work-product. In asserting such privilege, under Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure, Defendant was required to produce a privilege log. According to Defendant's Response to the motion, they have produced a privilege log identifying certain correspondence between client and counsel. (Def's Response at 6, ¶ 21). Plaintiff has not challenged the sufficiency of the privilege log and the Court presumes that the privilege log supplied included names, dates and a description of the subject matter in sufficient detail to determine if legal advice was sought or revealed, or if the

| **STATEMENT** |
|---|
| document constitutes work product. *See Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.*, 145 F.R.D. 84, 88 (N.D. Ill. 1992). As a result, Plaintiff's motion to deem these Requests admitted will be denied.<br><br>For all of the foregoing reasons, Plaintiff's Motion to Strike Evasive Answers to Requests to Admit and to Deem Requests Admitted [Doc. 28] is granted in part and denied in part. Requests to Admit 2 through 12, 16 and 17 are deemed admitted. The responses to Requests 20 through 23, 36, 67 through 69 and 71 are sufficient. |