**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH S. BEALE, | ) | |
| | ) | Case No. 07 CV 6909 |
| Plaintiff, | ) | |
| | ) | Judge Kocoras |
| v. | ) | |
| | ) | Magistrate Judge Valdez |
| REVOLUTION PORTFOLIO, LLC, and | ) | |
| SECURITY LIFE OF DENVER | ) | |
| INSURANCE COMPANY d/b/a/ ING, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| REVOLUTION PORTFOLIO, LLC, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH S. BEALE, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**PROTECTIVE ORDER**

IT IS HEREBY ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following provisions shall govern pre-trial discovery conducted and disclosures made in the above-captioned action:

1.  All "Confidential" information produced or exchanged in the course of this action shall be used solely for the purpose of preparation, prosecution or defense of this action and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Order.

2.  For the purposes of this Order, the term "Confidential" shall include all information that contains personally identifiable financial and/or health information. Information in the public

domain at the time of disclosure is not "Confidential," regardless of whether it has been so designated by the producing party. Information designated as "Confidential" by a producing party, but which later becomes part of the public domain through no fault of the opposing party, ceases to be "Confidential" as of the time it becomes a part of the public domain.

  3.  "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. "Qualified Persons" as used herein means:

  a.  The parties to this action and party employees, officers and directors to whom it is reasonably necessary that the information be shown for purposes of this action;

  b.  Attorneys representing the parties in this action, and employees of such attorneys to whom it is reasonably necessary that the information be shown for purposes of this action;

  c.  Actual or potential independent experts or consultants who have signed an Agreement to be Bound by Stipulation and Protective Order in the form of Exhibit A attached hereto;

  d.  This Court, court personnel and court reporters in any further proceedings in this action;

  e.  Third parties called as witnesses at deposition, provided that, unless such a third party witness signs an Agreement to be Bound by Stipulation and Protective Order in the form of Exhibit A attached hereto, that any "Confidential" information or documents shall be returned by such third party witness to counsel for the party that called the witness immediately after the witness completes his or her testimony. If a third party deposition witness does not sign an Agreement to be Bound by Stipulation and Protective Order in the form of Exhibit A attached

hereto, but chooses to read and sign his or her deposition transcript, such witness may be provided with a copy of the draft transcript and the exhibits thereto for that purpose only, and counsel for the party that called for the deposition of the witness shall ensure that the witness does not retain any portion of the deposition transcript that has been designated as "Confidential," or any exhibits thereto designated as "Confidential" after such review;

      f.    The United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court") in connection with Case No. 04-B-8748 (the "Bankruptcy Proceeding"), but only if and to the extent that the information to be disclosed to the Bankruptcy Court: (1) was designated as "Confidential" on the grounds that it constitutes personally identifiable financial information of Plaintiff; and (2) relates to the property of the estate in the Bankruptcy Proceeding; and

      g.    Others as agreed to by the parties in advance in writing.

4.    Documents and/or information produced in this action that contain Confidential information may be designated by any party or parties as "Confidential" by conspicuously marking the document(s) or information so designated "CONFIDENTIAL" and/or by designating in writing the specific documents (by Bates number of other document number) as "CONFIDENTIAL."

5.    At any deposition session, counsel who produced "Confidential" information which is the subject of any deposition questions or answers may, on the record, designate that portion of the transcript of the deposition relating or pertaining to the "Confidential" information (and any exhibits thereto containing "Confidential" information) as "CONFIDENTIAL." Deposition testimony and exhibits designated as "Confidential" information during a deposition shall be separately bound and bear the legend "CONFIDENTIAL" on the cover; deposition testimony

designated as "Confidential" information after transcription shall also be separately bound and bear the legend "CONFIDENTIAL" on the cover. For fifteen (15) days after receipt of the deposition transcript, the entire transcript and all "Confidential" exhibits thereto shall be treated as "Confidential" information. Within the 15-day period, counsel must designate any additional portions of the deposition transcript as "CONFIDENTIAL."

6.  If "Confidential" information is included in answers to interrogatories or requests for admissions, such answers shall be marked with the legend "CONFIDENTIAL" and separately bound.

7.  "Confidential" information shall be kept in the custody and care of counsel; however, working copies of documents designated "Confidential" may be made. Working copies of documents designated "Confidential" may be provided to experts or consultants who have executed an Agreement to be Bound by Stipulation and Protective Order in the form of Exhibit A attached hereto.

8.  Documents unintentionally produced without designation as "Confidential" may be retroactively designated by notice in writing to the receiving party, and shall be treated appropriately from the date written notice of the designation is provided.

9.  Any party to this action or any interested member of the public may challenge the propriety of a "Confidential" designation at any time during these proceedings. In the event of such challenge, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved, the objecting party may move the Court for an order to change the designated status of such information. On such a motion, the designating party shall bear the burden of proving that the designation is appropriate. The parties

may provide for exceptions to this Order by written stipulation and any party may seek an order of the Court modifying this Order.

10. Documents containing confidential information shall not be filed with the Clerk of Court. Any such documents requiring the Court's review shall be submitted to chambers in camera in a sealed envelope bearing the caption of the case, case number, the title and docket number of the filing to which the submitted confidential information pertains, and the name, address and telephone number of counsel submitting the documents. A redacted copy of the filing shall be filed with the Clerk of Court for the record.

11. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to information designated "Confidential" shall be subject to the provisions in this Order.

12. Within sixty (60) days after conclusion of this action or any appeal from final decision in this action, whichever is later, all "Confidential" information produced pursuant to this Order and copies thereof shall be destroyed (so long as it is a copy) or returned by the opposing party to the producing party. If the opposing party destroys any "Confidential" information pursuant to this paragraph, then such party shall send to the producing party written certification that all "Confidential" information has either been returned or destroyed. The provisions of this Order shall continue to be binding after the conclusion of this action.

13. This Order may be extended to additional parties or nonparties by mutual written consent of the parties that are signatories to this agreement. The provisions of this Order also apply to all information obtained by a party from any third party under an obligation of confidence.

ENTER:

*Maria Valdez*

_____
**Honorable Maria Valdez**
United States Magistrate Judge

July 23, 2008

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOSEPH S. BEALE, ) | |
| ) | Case No. 07 CV 6909 |
| Plaintiff, ) | |
| ) | Judge Kocoras |
| v. ) | |
| ) | Magistrate Judge Valdez |
| REVOLUTION PORTFOLIO, LLC, and ) | |
| SECURITY LIFE OF DENVER ) | |
| INSURANCE COMPANY d/b/a/ ING, ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| REVOLUTION PORTFOLIO, LLC, ) | |
| ) | |
| Counter-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JOSEPH S. BEALE, ) | |
| ) | |
| Counter-Defendant. ) | |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

1. I acknowledge that I have read and that I understand the Protective Order entered in the above-captioned action and I hereby agree to abide by all of its terms and conditions.

2. I agree to return upon request, or in any event at the conclusion of this litigation or upon termination of my engagement, all "Confidential" information that comes into my possession, as well as all documents which I have prepared related thereto, to the party or attorneys by whom I was engaged.

3. I understand that any violation of the Protective Order by me or anyone acting under my direction may subject me to sanctions imposed by the Court hearing this action or another court of competent jurisdiction, including, but not limited to, penalties for contempt of court.

4. I hereby submit to the jurisdiction of the United States District Court for the Northern District of Illinois for these purposes.

Signature:_____

Print Name:_____

Date:_____

Address:_____

_____

_____