UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH S. BEALE, | ) |
| | ) |
| Plaintiff, | ) Case No. 07 CV 6909 |
| v. | ) |
| | ) Judge Kocoras |
| REVOLUTION PORTFOLIO, LLC, et al., | ) |
| | ) Magistrate Judge Valdez |
| Defendants, | ) |

**DEFENDANTS' MOTION TO QUASH ATTEMPTED SERVICE OF PROCESS**

NOW COME Movants, ARKIN YOUNGENTOB ASSOCIATES, LLC ("AYA") and STUART YOUNGENTOB ("Youngentob"), by and through their attorneys and in accordance with Rules 4(e)(1) and (2), 4(h)(1), 12(b)(2), 12(b)(5) of the Federal Rules of Civil Procedure, as well as all other applicable rules and local rules, and moves this Honorable Court to quash the summons purportedly served upon AYA and Youngentob on June 18, 2008. In support of this motion, Movants respectfully state as follows:

1. This Motion is brought for the purposes of objecting to and seeking to quash the attempted service of process purportedly effectuated on June 18, 2008. By filing this Motion and/or pursuing this objection to any attempted service of process, Movants, individually and collectively, respectfully do not intend to consent and do not consent to personal jurisdiction in this Honorable Court.

2. On June 11, 2008, Plaintiff filed a First Amended Complaint for Specific Performance, Injunction and Other Relief ("Amended Complaint") naming Movants as party defendants for the first time. (Dkt. 51)

3. The Amended Complaint, in relevant part, alleges that Youngentob is a resident of Maryland and that AYA is a Maryland limited liability company.

4. On June 11, 2008, the Clerk of the United States District Court, Northern District of Illinois, issued a summons to each of the Movants.

1

5. On June 18, 2008 at 8:00 p.m., service of process was attempted to be effectuated, upon AYA and Youngentob in Maryland, via substituted service upon Bonnie Youngentob.

6. A copy of the Affidavit of Service by Process Server, along with the attached summons addressed to Stuart Youngentob, Arkin Youngentob Associates, LLC, 7200 Wisconsin Ave., Suite 1025, Bethesda, MD 20814, is attached hereto and incorporated herein by this reference as Exhibit "A". (Dkt. 63)

7. A copy of the Affidavit of Service by Process Server, along with the attached summons addressed to Arkin Youngentob Associates, LLC, 7200 Wisconsin Ave., Suite 1025, Bethesda, MD 20814, is attached hereto and incorporated herein by this referenced as Exhibit "B". (Dkt. 62)

8. As held in Light v. Wolf, 816 F.2d 746 (D.C. Cir. 1987), "[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." Id. At 751 (internal quotation marks and citation omitted). See also Hilska v. Jones, 217 F.R.D. 16, 20 (D.D.C. 2003) (holding that "the plaintiff carries the burden of establishing that he has properly affected service").

9. As set forth in the Affidavit of Bonnie Youngentob attached hereto as Exhibit "C", Bonnie Youngentob was never served and has never been served with the summons and complaint issued to her husband, Stuart Youngentob. Further, although she is neither the registered agent nor an officer of AYA, the only summons and complaint served upon her were the ones issued to AYA which is included as Exhibit 1 to Bonnie Youngentob's affidavit. (See Exhibit C).

10. With respect to service of summons upon Youngentob, Rule 4(e) of the Federal Rules of Civil Procedure provides that service upon an individual may be effected:

    (1) pursuant to the law of the state in which the district court is

located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or

(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

11. As to service of summons in Illinois where this district court is located, Section 2-203(a) of the Illinois Code of Civil Procedure, 735 ILCS 5/2-203(a), in relevant part, requires that service of summons upon an individual defendant be made (1) by leaving a copy of the summons with the defendant personally or (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode.

12. As set forth in the Affidavit of Stuart Youngentob attached hereto as Exhibit "D", Youngentob was not personally served and has not been personally served with a copy of the summons nor was a copy of the summons issued to Youngentob left at his usual place of abode and mailed to him pursuant to the Illinois statutory requirements. (See Exhibits C and D).

13. As to service of summons in Maryland where service was to be effected, Maryland Rule 2-121: Process-Service-In Personam provides:

(a) Generally. Service of process may be made within this State or, when authorized by the law of this State, outside of this State (1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it; (2) if the person to be served is an individual, by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by mailing to the person to be served a copy of the summons, complaint, and all others papers filed with it by certified mail requesting: "Restricted Delivery -- show to whom, date, address of delivery." Service by certified mail under this Rule is complete upon

3

delivery. Service outside of the State may also be made in the manner prescribed by the court or prescribed by the foreign jurisdiction if reasonably calculated to give actual notice.

14. Youngentob was not personally served with a copy of the summons nor was a copy of the summons individually issued to Youngentob left at his residence nor mailed to him by certified mail pursuant to the Maryland statutory requirements. (See Exhibits C and D).

15. As to service of summons in compliance with Rule 4(e)(2) of the Federal Rules of Civil Procedure, Youngentob was never personally served and copies of the summons and complaint issued to Youngentob were not left at his residence or a copy delivered to an agent legally authorized to receive service of process. (See Exhibits C and D).

16. With respect to service of summons and complaint upon AYA, Rule 4(h) of the Federal Rules of Civil Procedure provides that service upon a corporation shall be effected:

(1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant, or

17. As to service of summons in Illinois where this district court is located, Section 2-204 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-204, in relevant part, requires that service of summons upon a private corporation be made (1) by leaving a copy of the summons with the company's registered agent or any officer or agent of the corporation; or (2) in any other manner permitted by law.

18. The registered agent of AYA, Stuart Youngentob, was not served with a copy of any summons issued to AYA. (See Exhibit C).

19. The summons and complaint naming AYA was left with Bonnie Youngentob, who is neither a registered agent, director, officer, employee nor agent of AYA and is not authorized to accept service of summons on behalf of AYA. (See Exhibits C and D).

20. As to service of summons in Maryland where service was purportedly effected,

Maryland Rule 2-124: Process - Persons To Be Served provides:

> (h) **Limited Liability Company.** Service is made upon a limited liability company by serving its resident agent. If the limited liability company has no resident agent or if a good faith attempt to serve the resident agent has failed, service may be made upon any member or other person expressly or impliedly authorized to receive service of process.

21.  The summons and complaint naming AYA was not left with the registered agent, director, officer or employee of AYA or any other individual authorized to receive service of process for AYA. (See Exhibits C and D).

22.  The statements set forth in the Affidavits of Service regarding Youngentob's usual place of abode is mere hearsay and should be stricken. <u>Robinson Engineering Co. Pension and Trust v. George</u>, 223 F.3d 445 (7th Cir. 2000).

23.  As such, the service of process attempted to be effectuated on June 18, 2008 is insufficient and improper and should be quashed and held for naught.

24.  In the absence of proper service upon Stuart Youngentob and Arkin Youngentob Associates, LLC, this Honorable Court does not have personal jurisdiction over Stuart Youngentob and Arkin Youngentob Associates, LLC.

WHEREFORE, Movants Stuart Youngentob and Arkin Youngentob Associates, LLC, by and through their attorneys, respectfully move this Court for an Order granting the Motion to Quash Service of Summons and quashing and holding for naught the summons purportedly served upon Stuart Youngentob and Arkin Youngentob Associates, LLC.

Respectfully Submitted,<br>
Stuart Youngentob and<br>
Arkin Youngentob Associates, LLC<br>
<br>
By: /s/ David R. Carlson<br>
One of Their Attorneys

David A. Baugh
David R. Carlson
Martin Q. Ryan
Baugh, Dalton, Carlson & Ryan LLC
55 W. Monroe St., Suite 600
Chicago, IL 60603
312-759-1400

## Certificate of Service

David R. Carlson, an attorney, hereby certifies that, on August 1, 2008, he caused a true and correct copy of the foregoing DEFENDANTS' MOTION TO QUASH ATTEMPTED SERVICE OF PROCESS to be filed electronically with the Court's CM/ECF system, and that notice of this filing was sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to receive electronic filings as indicated in the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

David R. Carlson