UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH S. BEALE, | ) |
| | ) |
| Plaintiff, | ) Case No. 07 CV 6909 |
| v. | ) |
| | ) Judge Kocoras |
| | ) |
| REVOLUTION PORTFOLIO, LLC, et al, | ) Magistrate Judge Valdez |
| | ) |
| Defendants, | ) |

### ARKIN YOUNGENTOB ASSOCIATES, LLC AND STUART YOUNGENTOB'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR SPECIFIC PERFORMANCE, INJUNCTION AND OTHER RELIEF

Movants/Defendants Arkin Youngentob Associates, LLC and Stuart Youngentob (collectively referred to as "Movants"), in accordance with Rules 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 78.1 and by and through their attorneys, hereby move this Honorable Court to dismiss Counts VIII and IX of Plaintiff's First Amended Complaint for Specific Performance, Injunction and Other Relief ("Amended Complaint") for the reasons set forth in this Motion to Dismiss and in the Memorandum filed in support of this Motion to Dismiss. In support thereof, Movants state as follows:

1. Plaintiff Joseph S. Beale ("Beale") filed a nine (9) count First Amended Complaint for Specific Performance, Injunction and Other Relief ("Amended Complaint") on June 11, 2008.

2. Counts I-V and VII are directed solely against Defendant/Counter-Plaintiff Revolution Portfolio, LLC ("Revolution"); Count VI is directed against Revolution and Defendant Security Life of Denver Insurance Company d/b/a ING ("ING"); and Counts VIII and IX are directed solely against Movants. (Dkt. 51)

3. The causes of action attempted to be set forth in the Amended Complaint arise from the performance of a Settlement Agreement between Beale and Revolution dated December 12, 2005 ("Settlement Agreement") and an Amendment to the Settlement Agreement dated June 26, 2007 ("Amendment").

4. Service of process was attempted to be effectuated upon AYA and Youngentob, on or about June 18, 2008 at 8:00 p.m., via substituted service on Bonnie Youngentob, at 7200 Wisconsin Avenue, Bethesda, Maryland 20814. (Dkt. 62, 63)

5. The substituted service of process attempted to be effectuated was insufficient and improper for the reasons set forth in Movants' Motion to Quash and the Memorandum filed in support of this Motion and, as a result, the claims should be dismissed in accordance with Rules 12(b)(5) and 12(b)(2).

6. The Amended Complaint fails to allege a basis for subject matter jurisdiction pursuant to 28 U.S.C. §1332 for the reasons set forth in the Memorandum filed in support of this Motion and, as a result, the claims should be dismissed pursuant to Rule 12(b)(1).

7. The Amended Complaint fails to state a claim upon which the requested relief can be granted against Movants for the reasons set forth in the Memorandum filed in support of this Motion and, as a result, the claims should be dismissed pursuant to Rule 12(b)(6).

WHEREFORE, Movants/Defendants Arkin Youngentob Associates, LLC and Stuart Youngentob move for entry of an order dismissing Counts VIII and IX of the Amended Complaint with prejudice and with all of their costs assessed against Plaintiff for the reasons set forth in this Motion and the Memorandum filed in support of this Motion, together with such other and further relief as is just and equitable.

                                        Respectfully submitted,
                                        Arkin Youngentob Associates, LLC
                                        and Stuart Youngentob,

                        By:      /s/Martin Q. Ryan
                                      One of their Attorneys

Martin Q. Ryan
David A. Baugh
David R. Carlson
Baugh, Carlson & Ryan LLC
55 W. Monroe St., Suite 600
Chicago, Illinois 60603
312/759-1400

## Certificate of Service

Martin Q. Ryan, an attorney, hereby certifies that, on August 1, 2008, he caused a true and correct copy of the foregoing *ARKIN YOUNGENTOB ASSOCIATES, LLC AND STUART YOUNGENTOB'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR SPECIFIC PERFORMANCE, INJUNCTION AND OTHER RELIEF* to be filed electronically with the Court's CM/ECF system, and that notice of this filing was sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to receive electronic filings as indicated in the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ Martin Q. Ryan
Martin Q. Ryan