UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

JOSEPH S. BEALE,                    )
                                    )
            Plaintiff,               )
                                    )
    vs.                             )
                                    )
REVOLUTION PORTFOLIO, LLC, et al., )
                                    )
            Defendants.              )
                                    )       07 C 6909
                                    )
REVOLUTION PORTFOLIO, LLC,          )
                                    )
            Counter-Plaintiff,       )
                                    )
    vs.                             )
                                    )
JOSEPH S. BEALE,                    )
                                    )
            Counter-Defendant.       )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendants Arkin Youngentob Associates, LLC ("AYA") and Stuart Youngentob to dismiss Counts VIII and IX of the complaint of Plaintiff Joseph Beale pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6). For the following reasons, the 12(b)(1) motion is entered and continued; the 12(b)(5) motion is denied as moot; and the 12(b)(2) and 12(b)(6) motions are denied.

**BACKGROUND**

According to the allegations of the complaint, which must be accepted as true for purposes of this motion, AYA and Youngentob are licensed to act as insurance agents in the state of Illinois. Defendant Security Life of Denver Insurance Company ("ING") is an issuer of insurance policies. Defendant Revolution Portfolio, LLC ("Revolution") purchases judgments at a discount and attempts to collect upon them.

Revolution purchased a $7.3 million judgment rendered against Beale in Florida state court. When the judgment was not satisfied, Revolution and three other creditors began involuntary Chapter 7 bankruptcy proceedings against Beale in the Northern District of Illinois. In conjunction with the bankruptcy, the trustee instituted adversary proceedings against Beale and others not involved in this suit. On November 15, 2005, the trustee and the third parties reached a settlement to resolve the adversary proceedings.

In connection with the settlement, Beale and Revolution entered into a separate agreement (the "Agreement") on December 12, 2005. In relevant part, it stated that Beale would pay Revolution a total amount of $1.6 million consisting of $350,000 in cash and a $1.25 million life insurance policy that Beale would obtain and transfer to Revolution before a specific date.

By early April 2007, Beale had not obtained a policy, and Revolution declared him in default of the Agreement. Subsequently, AYA and Youngentob communicated

with Revolution about potential policy terms and submitted an application to ING that resulted in a policy issuing in early June.

On June 27, 2007, the parties executed an amendment to the Agreement; it specified that the policy must be transferred to Revolution by 3 pm Eastern time on July 2, 2007. Before that date, AYA and Youngentob became aware that ING would require a document evidencing the authorization of Revolution's signature on the transfer documents before the transfer could be effectuated. They informed Revolution of the deficiency but did not tell Beale.

The additional paperwork was ultimately provided to ING, but not until 3:50 pm on July 2, 2007. As a result, ING did not acknowledge the transfer until July 3, the day after the deadline specified in the Amendment. However, once the policy was transferred, Beale could not rescind it. Revolution declared Beale to be in default and did not perform its corresponding obligations under the amended agreement. According to Beale, AYA and Youngentob withheld the information about the inevitable default to prevent him from rescinding the policy with ING, thereby ensuring that they would retain their commission for obtaining the policy.

On June 5, 2008, Beale sued AYA and Youngentob for breach of fiduciary duty and negligence in connection with their actions in effectuating the transfer of the policy

to Revolution.[1] AYA and Youngentob moved to dismiss those claims for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), insufficient service of process under Fed. R. Civ. P. 12(b)(5), and failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Concluding that the jurisdictional allegations of the complaint were insufficient to establish diversity, we issued a rule to show cause on September 24, 2008, to address the jurisdictional deficiencies and accordingly do not examine the merits of the Rule 12(b)(1) challenge herein.

AYA and Youngentob initially challenged the sufficiency of service upon them in this case. Subsequently, however, both executed waivers of service, mooting the Rule 12(b)(5) challenge to Beale's complaint. Consequently, this opinion addresses only the 12(b)(2) and 12(b)(6) motions.

**LEGAL STANDARDS**

**I. Motion to Dismiss for Lack of Personal Jurisdiction**

When faced with a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), a plaintiff bears the burden of making a prima facie showing that jurisdiction over the defendant is proper. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In considering the motion, a court accepts all

---

[1] Only Counts VIII and IX of the current nine-count complaint pertain to AYA and Youngentob; the remainder are directed at Revolution and ING.

well-pleaded allegations as true unless controverted by affidavits. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987).

In a diversity case, personal jurisdiction can be exercised over a nonresident defendant only if an appropriate state court would have such jurisdiction. *Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995). Even if jurisdiction can be established under state law, the exercise of that jurisdiction must be consistent with constitutional due process concerns. *Saylor v. Dyniewski*, 836 F.2d 341, 343-44 (7th Cir. 1988). An exercise of jurisdiction over a non-resident defendant is constitutional due process if the defendant has "purposefully established minimum contacts within the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S. Ct. 2174 (1985). When a party's contact with a forum state reaches a certain level, it is reasonable for him or her to expect to be subject to suit in that state in connection with that contact. *Id.* at 474, 475. At all times, due process mandates that maintenance of the suit in the forum is consistent with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154 (1945).

**II. Motion to Dismiss for Failure to State a Claim**

Fed. R. Civ. P. 12(b)(6) evaluates the legal sufficiency of a plaintiff's complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe all allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l*

*Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations contained within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. —, 127 S. Ct. 1955, 1965 (2007). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

With these principles in mind, we turn to the instant motion.

## DISCUSSION

### I. Motion to Dismiss for Lack of Personal Jurisdiction

As noted earlier, AYA and Youngentob have executed waivers of service in this case. Despite these waivers, they persist in their Rule 12(b)(2) challenge to this court's ability to properly exercise personal jurisdiction over them. It is true that a waiver of service does not necessarily waive objections to personal jurisdiction or venue. *See* Fed. R. Civ. P. 4(d)(5). However, the complaint alleges that AYA and Youngentob are licensed by the state of Illinois to act as insurance agents within this state. It is unlikely that they were unaware of the connections that Beale had to Illinois when seeking coverage from ING on his behalf and in effectuating the transfer of the policy from him to Revolution. These allegations demonstrate that they voluntarily sought the benefits and protections of Illinois law, actions which constitute prima facie evidence that they transacted business in Illinois and permit an exercise of personal jurisdiction. 735 ILCS

5/2-209(1); *General Elec. Railcar Services Corp. v. Wilmington Trust Co.*, 567 N.E.2d 400, 404 (Ill. App. Ct. 1990). A complaint that contains a prima facie showing of grounds for personal jurisdiction survives a 12(b)(5) challenge in the absence of contrary factual assertions from a defendant. *Purdue*, 338 F.3d at 782; *Turnock*, 816 F.2d at 333. AYA and Youngentob have not countered the assertion that they are licensed by the state of Illinois as insurance agents or that the activities ascribed to them in the complaint would not be construed as transacting business within the state of Illinois. Moreover, these facts are sufficient to demonstrate that AYA and Youngentob had contacts with Illinois of a nature that an exercise of personal jurisdiction comports with due process.

Consequently, the motion to dismiss for lack of personal jurisdiction is denied.

## II. Motions to Dismiss for Failure to State a Claim

The next portion of AYA and Youngentob's motion attacks the cognizability of Counts VIII and IX pursuant to Rule 12(b)(6). They contend that an Illinois statute[2] bars Beale from asserting a claim for breach of fiduciary duty; that they owed no duty to Beale once the policy issued; that Beale's tort claims are barred by the economic loss doctrine of *Moorman Mfg. Co. v. National Tank Co.*; and that Beale has not asserted that he suffered any damage.

---

[2]Although AYA and Youngentob make some oblique references to other states' laws, they raise no developed position that this case should be controlled by the law of a state other than Illinois. Accordingly, we will look to Illinois state law to supply the rules of decision. *See Wood v. Mid-Valley Inc.*, 942 F.2d 425, 427 (7th Cir. 1991).

First, AYA and Youngentob aver that Beale failed to plead a cause of action for breach of fiduciary duty. Under Illinois law, a viable claim of this kind must allege that the defendant owed a fiduciary duty to the plaintiff, that the defendant breached that duty, and that the breach proximately caused damage to the plaintiff. *Neade v. Portes*, 739 N.E.2d 496, 502 (Ill. 2000). Defendants claim that the breach of fiduciary duty claim is barred by Illinois Insurance Placement Liability Act (the "Act"), 735 ILCS 5/2-2201(b). The Act prohibits any cause of action against an insurance producer for breach of a fiduciary duty except when the conduct involves the wrongful retention or misappropriation of money received as premiums by the insurance producer. 735 ILCS 5/2-2201(b). The allegations of the complaint as they pertain to AYA and Youngentob revolve around the idea that they wrongfully prevented Beale from rescinding the policy that would not serve the purpose for which he intended it so that they could retain their commission (a portion of the premiums paid). For pleading purposes, the behavior attributed to AYA and Youngentob falls squarely within the exception contained in 5/2-2201(b). Thus, the statute does not impede Beale's ability to advance such a claim.

Second, AYA and Youngentob assert that any duty they owed to Beale terminated once the policy issued on June 6, thus precluding any cause of action for events occurring subsequent to that time. Illinois law recognizes circumstances in which the duties of an insurance producer can continue beyond the issuance of a policy, such as when a broker continues to act on behalf of the insured even after a policy issues. *See*, *e.g.*, *Duignan v. Lincoln Towers Ins. Agency, Inc.*, 667 N.E.2d 608, 612-13 (Ill.

App. Ct. 1996). According to the allegations of the complaint, AYA and Youngentob continued to work on Beale's behalf after the policy issued to effectuate the transfer to Revolution. This is sufficient to defeat a claim that no fiduciary duty or duty of ordinary care is alleged within the complaint.

Third, AYA and Youngentob contend that neither of the claims against them can stand in the face of the economic loss doctrine, which bars recovery of economic losses in tort in certain circumstances. *Moorman Mfg. Co. v. National Tank Co.*, 435 N.E.2d 443, 450 (Ill. 1982). However, in a situation involving the provision of services, if a duty of a provider of services arises extracontractually, the doctrine does not prevent a plaintiff from seeking tort damages for breach of the duty at issue. *Congregation of the Passion v. Touche Ross & Co.*, 636 N.E.2d 503, 514 (Ill. 1994). In this case, the duties asserted in the negligence and breach of fiduciary duty claims do not arise out of a contract between Beale and AYA and Youngentob. Rather, they arise from agency principles and Illinois statute. In fact, AYA and Youngentob insist that they had no contractual arrangement with Beale, thereby foreclosing an argument that he could recover only under a contract theory. Based on the factual assertions contained within the complaint, we conclude that the duties Beale alleges were breached by these two parties were not contractual in nature and thus are not precluded by the *Moorman* doctrine.

Fourth, AYA and Youngentob contend that Beale's complaint does not allege that he has suffered any damages. However, the complaint states that, as a result of their actions, Beale no longer has either the policy (for which he is presumably still obligated to pay premiums) or the benefits that he expected to receive once the policy was transferred to Revolution. For purposes of a 12(b)(6) motion, this is sufficient to plead cognizable damages.

## III. Request for Attorneys' Fees

Finally, AYA and Youngentob challenge Beale's ability to seek recovery of his attorneys' fees if he is able to establish liability against them. At this stage of the proceedings, we are not yet examining the merits of the causes of action asserted within the complaint, let alone what remedies might be appropriate if the merits weigh in Beale's favor. As a result, we will not examine that issue at this time.

### CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) is denied. The Rule 12(b)(1) motion is entered and continued, and the Rule 12(b)(5) motion is denied as moot.

 Charles P. Kocoras
 United States District Judge

Dated:  October 16, 2008