UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH S. BEALE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| REVOLUTION PORTFOLIO, LLC, | ) |
| SECURITY LIFE OF DENVER INSURANCE | ) |
| COMPANY d/b/a ING, ARKIN YOUNGENTOB | ) |
| ASSOCIATES, LLC and STUART YOUNGENTOB, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| REVOLUTION PORTFOLIO, LLC, | ) |
| | )    07 C 6909 |
| Counter-Plaintiff, | ) |
| vs. | ) |
| | ) |
| JOSEPH S. BEALE, | ) |
| | ) |
| Counter-Defendant. | ) |
| | ) |
| ARKIN YOUNGENTOB ASSOCIATES, LLC and | ) |
| STUART YOUNGENTOB, | ) |
| | ) |
| Third-Party Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| BRUCE R. SCHLESINGER and | ) |
| JMB INSURANCE AGENCY, INC., | ) |
| | ) |
| Third-Party Defendants. | ) |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Third-Party Defendants Bruce Schlesinger and JMB Insurance Agency, Inc., (collectively referred to as "JMB") to dismiss Defendant and Third-Party Plaintiff Arkin Youngentob Associates, LLC, and Stuart Youngentob (collectively referred to as "Youngentob") for failing to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the motion is granted.

**BACKGROUND**

Joseph Beale is the original plaintiff who filed suit against Youngentob for breach of fiduciary duty and negligence with respect to acquiring a life insurance policy. The policy was a condition that Beale agreed to fulfill in an amendment to a settlement agreement with Defendant Revolution Portfolio, LLC ("Revolution"). According to the allegations of Beale's complaint, Youngentob and JMB acted as his insurance agents and worked to procure coverage. Youngentob's first attempt to obtain life insurance proved unsuccessful as Beale did not qualify for a policy. At this same time, JMB was able to obtain a tentative agreement from an insurer to underwrite the policy. However, Revolution objected to the proposed terms of this agreement and requested that Beale use Youngentob's services to obtain a different policy. The balance of Beale's complaint is silent as to JMB's involvement as his agent. Instead,

Beale alleges that Youngentob is liable to him for the damages arising out of its misconduct associated with the procurement of the life insurance policy.

Subsequently, Youngentob filed a third-party complaint against JMB for contribution. According to Youngentob's allegations, JMB partnered with Youngentob to assist in the placement of Beale's life insurance policy. Youngentob asserts that JMB breached its duty of care and loyalty to Beale during the procurement of the life insurance policy, and by virtue of its duty to Beale, contends that JMB also owed a duty of care to Youngentob. Moreover, Youngentob perceives that if Beale is successful in his underlying claim against it, then JMB is also liable in tort to Beale.

JMB filed the instant motion to dismiss Youngentob's third-party complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that Youngentob has not stated a viable claim for contribution under Fed. R. Civ. P. 14(a).

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*,

939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations contained within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

With these principles in mind, we turn to JMB's motion.

**DISCUSSION**

JMB moves to dismiss Youngentob's third-party complaint on the basis that it does not state a cognizable third-party action pursuant to Fed. R. Civ. P. 14(a). Under Rule 14(a), a third-party plaintiff may sue "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). A third-party defendant's liability must be derivative of the impleading party's liability. *U.S. Gen. Inc. v. City of Joliet*, 598 F.2d 1050, 1053 (7th Cir. 1979). Liability is derivative where it is dependent on the determination of liability in the original action. *Id.*

Youngentob asserts that it and JMB were acting together to acquire a satisfactory policy for Beale, so any damage to Beale from a failure to procure one would be the responsibility of both Youngentob and JMB. By acting together to acquire Beale's insurance policy, Youngentob contends that such a relationship causes JMB to be

secondarily liable to it for any alleged wrongdoing toward Beale. However, JMB argues that Youngentob fails to establish how JMB's liability in the third-party action is derived from Beale's complaint. Instead, JMB argues that Youngentob is precluded from bringing a contribution action because JMB owed a duty to Beale, not Youngentob. Moreover, it claims that the amended third-party complaint fails to state that JMB was contractually obligated to Youngentob.

Beale's second amended complaint neither alleges that JMB is liable to him nor that it was acting on Youngentob's behalf. Rule 14(a) teaches that a defendant is a proper third-party defendant in circumstances when the third-party defendant's only possible liability is to the third-party plaintiff and relies on the adjudication of the third-party plaintiff's liability to the underlying plaintiff. *See Perez v. Arcobaleno Pasta Machines, Inc.*, 261 F. Supp. 2d 997, 1000 (N.D. Ill. 2003). JMB is not a proper third-party defendant because Youngentob's assertions against it do not rely on the adjudication of Youngentob's liability to Beale. In fact, Beale's suit does not inspire us to think that JMB and Youngentob had any relationship to one another except that they each attempted to obtain a life insurance policy for Beale. Regardless of Youngentob's allegation that it partnered with JMB in procuring the policy, we must consider Beale's underlying complaint in deciding whether to permit Youngentob to maintain its third-party complaint. Although Rule 14(a) is a procedural mechanism for

an assertion of contribution or indemnity, there must be a substantive basis for the third-party defendant's liability. *Jadom Furniture Co., Ltd. v. October Group, Int'l, LLC*, 2007 U.S. Dist. LEXIS 59696, at *6-7 (N.D. Ill. Aug. 14, 2007). The mere allegation in Beale's complaint that both JMB and Youngentob acted as Beale's insurance agents, without more, is insufficient to impose a duty upon JMB for contribution to Youngentob. Although Youngentob contends that the court should liberally construe Rule 14 to avoid the multiplicity of actions, it has not presented us with any basis supporting its proposal that JMB is secondarily liable to it. Accordingly, even the most liberal reading of Youngentob's amended third-party complaint does not assert a cognizable claim under Rule 12(b)(6).

## CONCLUSION

For the aforementioned reasons, JMB's motion to dismiss Youngentob's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b) is granted.

_Charles P. Kocoras_
Charles P. Kocoras
United States District Judge

Dated: __May 7, 2009__